# EXHIBIT B

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Bayerische Motoren Werke Aktiengesellschaft<br>*Plaintiff*<br>v.<br>N/A<br>*Defendant* | ) | Civil Action No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Broadcom Corporation, 3421 Hillview Ave., Palo Also, CA 94304
c/o CSC Lawyers Incorporating Service 2710 Gateway Oaks Drive, Sacramento, CA 95833

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment B

| Place: Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>3300 Hillview Avenue, 2nd Floor<br>Palo Alto, CA 94304 | Date and Time:<br>05/04/2026 9:00 am |
|---|---|

The deposition will be recorded by this method: ______________________

❒ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ____________

*CLERK OF COURT*

OR

______________________ *Signature of Clerk or Deputy Clerk*

______________________ *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bayerische Motoren Werke Aktiengesellschaft, who issues or requests this subpoena, are:

Erik Puknys, 3300 Hillview Ave., 2nd Floor, Palo Alto, CA 94304, erik.puknys@finnegan.com, (650) 849-6644

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________________________

______________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT B

## DEFINITIONS

1. "BMW" shall mean Bayerische Motoren Werke AG and its subsidiaries, affiliates, and assigns.

2. "Broadcom" shall mean Broadcom Inc. and its predecessors, subsidiaries, affiliates, and assigns, including, but not limited to, Broadcom Corp. and Avago.

3. "Avago" shall mean Avago Technologies Limited and its subsidiaries, affiliates, and assigns, including, but not limited to, Avago Technologies International Sales Pte. Ltd. and Avago Technologies General IP (Singapore) Pte. Ltd.

4. "FRAND" means fair, reasonable, and non-discriminatory, which is a licensing commitment for Standard Essential Patents (SEPs) used in technology standards.

5. "Listed Patents" shall mean any of US 10,469,408, US 10,848,438, US 11,496,412, US 11,985,073, EP 1903733, US 8,422,512, CN 200710152941.7, TW I392301, KR 10-0940927, EP 1912383, US 9,461,809, CN ZL200710152942.1, KR 10-0920186, TW I392284, EP 3726780, EP 2073448, US 9,065,673, KR 10-1008506, US 7,936,778, US 8,437,366, US 8,654,786, EP 1770912, TW 095136247, EP 2184891, EP 2184890, US 8,195,964, US 8,259,716, US 8,356,190, US 8,982,753, US 9,323,311, HK 1145106, EP 2247027, US 8,281,173, EP 3651429, EP 2636204, US 8,467,324, US 8,750,306, US 9,088,454, US 9,215,124, US 9,332,261, US 9,479,453, US 9,813,354, US 9,985,907, US 10,021,041, US 10,778,608, US 10,917,359, US 11,606,311, CN ZL201180064043.0, CN ZL201610019101.2, CN ZL201910258798.2, KR 10-1462551, HK 1186864, EP 2477364, US 9,043,509, CN ZL2012100121276, EP 2479925, US 8,935,550, CN ZL2012100168412, EP 2501078, US 8,908,701, CN ZL201210067309.3, TW I531184, EP 2568652, US 9,001,714

US 9,258,105, KR 10-1375823, HK 1178339, EP 2566100, US 8,856,570, CN ZL201210320730.0, EP 2651042, US 9,231,655, EP 2690827, EP 2863588, US 9,215,168, CN ZL201310269007.9, EP 2713276, US 8,953,436, US 9,686,126, US 9,917,725, CN ZL201310432724.9, US 9,425,856, EP 2897335, EP 3509263, CN ZL201510024312.0, US 9,819,444, US 10,447,431, US 10,554,333, US 11,025,364, US 9,680,502, DE 102015005891, CN ZL201510236198.8, EP 3166259, EP 3621247, EP 3518473, EP 4297349, US 10,313,091, CN ZL201610964672.3, CN ZL201621198244.6, EP 3910912, EP 3562124, EP 3720095, EP 2582116, US 9,065,869, CN ZL201210362542.4, DE 102015121223, US 10,003,581, CN ZL201510898492.5, EP 2018000, US 7,953,038, CN ZL200810144547.3, KR 10-0956972, TW I398121, US 8,286,174, US 9,069,600, US 10,908,967, US 8,595,331, US 8,140,624, EP 1955151, US 8,572,138, US 8,171,253, US 8,281,363, EP 2595346, US 8,893,125, EP 3240250, EP 2829031, US 9,154,416, US 9,887,916, CN ZL201380015287.9, US 9,921,885, US 10,228,983, US 9,998,371, US 10,063,469, US 10,616,104, US 11,206,213, US 11,706,134, EP 3360302, US 9,940,470, CN ZL201680067959.4, JP 6576551, EP 2386948, US 8,745,633, US 8,271,026, EP 1827038, EP 2169985, US 9,037,165, KR 10-1135391, TW I418228, US 7,949,463, US 9,311,817, US 8,169,365, US 7,468,694, DE 602009003221.6, US 7,859,454, US 8,400,354, US 9,261,600, CN ZL200910163447.X, KR 10-1071900, TW I424184, US 8,355,693, US 9,151,823, KR 10-1463550, US 7,804,869, EP 2816617, US 9,082,926, CN ZL201310664614.5, KR 10-2075172, US 8,803,476, US 8,816,638, US 8,427,100, EP 2151907, EP 3582367, US 8,111,042, US 10,483,801, KR 10-1065738, TW I424653, EP 2713473, US 9,601,930, CN ZL2013104562639, HK 1193240, DE 102015017099, DE 102015010521, US 9,590,701, CN ZL201510561438.1, US 7,640,379, US 7,877,528, EP 1691297, US 9,270,875, EP 3429189,

CN ZL201210254807.9, KR 10-1428635, TW I526068, US 9,363,827, US 7,590,059, US 9,001,896, US 7,720,294, US 8,284,844, US RE48,845, US 7,881,385, US 9,329,871, US 8,798,386, US 9,058,668, EP 1931052, US 8,923,780, CN ZL200710199101.6, KR 10-0926260, TW I375408, HK 1124449, US 7,839,819, US 7,616,955, US 7,366,250, US 7,477,633, US 7,558,328, US 8,964,522, EP 2587689, US 9,160,434, CN ZL2012104185243, DE 102013227164, US 9,155,102, CN ZL201310753113.4, EP 1931051, US 8,600,300, KR 10-0926908, TW 96146354, EP 2515466, US 8,848,639, CN ZL201210114650.X, KR 10-1492949, EP 2518929, US 8,774,124, US 8,879,472, US 9,113,490, US 9,184,969, US 9,197,473, US 9,350,505, US 9,407,485, US 9,774,378, US 9,780,846, US 9,923,742, US 10,263,678, US 10,396,957, US 10,530,430, US 10,673,591, US 11,043,989, CN ZL201210123372.4, TW I531191, EP 2775776, US 9,204,451, US 9,867,214, US 10,542,565, CN ZL201410078728.6, CN ZL201810383918.7, and their Related Applications, individually or in combination.

6. "Related Applications" shall mean any patent or application related to the Listed Patents, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

# TOPICS OF EXAMINATION

**TOPIC NO. 1**:

Identify the business units, personnel roles, and processes Broadcom uses to evaluate targets, set demands, negotiate, and approve patent portfolio licenses (including policies and standard operating procedures).

**TOPIC NO. 2**:

The existence, scope, structure, and key economic terms of executed and unexecuted agreements concerning the Listed Patents or related applications; categories of counterparties; and how Broadcom classifies "comparable" technologies/portfolios for licensing purposes.

**TOPIC NO. 3**:

Broadcom's positions, internal decision-making, and documents relied upon in preparing communications, including any valuation positions and negotiation rationale.

**TOPIC NO. 4**:

Broadcom's offers, counteroffers, rejections, and settlement rationales, including the factors Broadcom used to justify differences across licensees.

**TOPIC NO. 5**:

Valuation models, spreadsheets, assumptions, royalty base selection, rate-setting criteria, and any internal analyses used to set or revise license demands for the Listed Patents or comparable technologies.

**TOPIC NO. 6**:

How Broadcom used (or viewed) licensing history, negotiations, and related communications to evaluate patent scope, enforceability, and risk—particularly as it relates to anticipated German proceedings.

**TOPIC NO. 7**

Broadcom's FRAND licensing obligations and materials reflecting FRAND terms, compliance, enforcement strategies, and communications with licensees/courts/standard-setting organizations.

**TOPIC NO. 8**

Broadcom's understanding of how its SEP licensing conduct and FRAND positions affect entitlement to injunctive relief and litigation posture in the contemplated German proceedings.

**TOPIC NO. 9**

Agreements, licenses, covenants, or practices relating to licensing upstream vendors whose products are incorporated into BMW vehicles or systems, and Broadcom's rationale for licensing level selection.

**TOPIC NO. 10**

Documents and communications concerning presentations, proposals, contributions, or other communications to the OPEN Alliance relating to BroadR-Reach technology; relationships between those activities and any asserted patent positions.

**TOPIC NO. 11**

Internal criteria and analyses used to select patents (or subsets of a portfolio) for assertion/enforcement, including documents created to evaluate BMW or others as licensing targets.

**TOPIC NO. 12**

Assignments, assignment authority, entity relationships, and any documents/data used to confirm ownership, standing, and enforceability under German law (including identification of custodians of assignment records).

**TOPIC NO. 13**

Broadcom's prior litigation, escalation steps, and internal enforcement timelines relating to contemplated German infringement actions and the role of licensing negotiations in that escalation.

**TOPIC NO. 14**:

Non-attorney business analyses used to evaluate licensing targets, set demands, assess licensing prospects, and value portfolios—limited to factual inputs and business records (not attorney mental impressions).

**TOPIC NO. 15**:

Where responsive information is kept (repositories, CRM tools, contract management systems), custodian categories, retention policies, and how Broadcom searches for licensing/FRAND/assignment documents.