# CORRECTED EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Bayerische Motoren Werke Aktiengesellschaft<br>*Plaintiff*<br>v.<br>N/A<br>*Defendant* | ) | Civil Action No. 5:26-mc-80092-VKD |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Broadcom Inc., 3421 Hillview Ave., Palo Alto, CA 94304
c/o CORPORATION SERVICE COMPANY, 251 Little Falls Drive, Wilmington, DE 19808

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>3300 Hillview Avenue, 2nd Floor<br>Palo Alto, CA 94304 | Date and Time: |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ______________

*CLERK OF COURT*

OR

______________________ ______________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bayerische Motoren Werke Aktiengesellschaft, who issues or requests this subpoena, are:

Erik Puknys, 3300 Hillview Ave., 2nd Floor, Palo Alto, CA 94304, erik.puknys@finnegan.com, (650) 849-6644

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:26-mc-80092-VKD

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________

______________________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

## DEFINITIONS

1. "BMW" shall mean Bayerische Motoren Werke AG and its subsidiaries, affiliates, and assigns.

2. "Broadcom" shall mean Broadcom Inc. and its predecessors, subsidiaries, affiliates, and assigns, including, but not limited to, Broadcom Corp. and Avago.

3. "Avago" shall mean Avago Technologies Limited and its subsidiaries, affiliates, and assigns, including, but not limited to, Avago Technologies International Sales Pte. Ltd. and Avago Technologies General IP (Singapore) Pte. Ltd.

4. "FRAND" means fair, reasonable, and non-discriminatory, which is a licensing commitment for Standard Essential Patents (SEPs) used in technology standards.

5. "Listed Patents" shall mean any of US 10,469,408, US 10,848,438, US 11,496,412, US 11,985,073, EP 1903733, US 8,422,512, CN 200710152941.7, TW I392301, KR 10-0940927, EP 1912383, US 9,461,809, CN ZL200710152942.1, KR 10-0920186, TW I392284, EP 3726780, EP 2073448, US 9,065,673, KR 10-1008506, US 7,936,778, US 8,437,366, US 8,654,786, EP 1770912, TW 095136247, EP 2184891, EP 2184890, US 8,195,964, US 8,259,716, US 8,356,190, US 8,982,753, US 9,323,311, HK 1145106, EP 2247027, US 8,281,173, EP 3651429, EP 2636204, US 8,467,324, US 8,750,306, US 9,088,454, US 9,215,124, US 9,332,261, US 9,479,453, US 9,813,354, US 9,985,907, US 10,021,041, US 10,778,608, US 10,917,359, US 11,606,311, CN ZL201180064043.0, CN ZL201610019101.2, CN ZL201910258798.2, KR 10-1462551, HK 1186864, EP 2477364, US 9,043,509, CN ZL2012100121276, EP 2479925, US 8,935,550, CN ZL2012100168412, EP 2501078, US 8,908,701, CN ZL201210067309.3, TW I531184, EP 2568652, US 9,001,714

US 9,258,105, KR 10-1375823, HK 1178339, EP 2566100, US 8,856,570, CN ZL201210320730.0, EP 2651042, US 9,231,655, EP 2690827, EP 2863588, US 9,215,168, CN ZL201310269007.9, EP 2713276, US 8,953,436, US 9,686,126, US 9,917,725, CN ZL201310432724.9, US 9,425,856, EP 2897335, EP 3509263, CN ZL201510024312.0, US 9,819,444, US 10,447,431, US 10,554,333, US 11,025,364, US 9,680,502, DE 102015005891, CN ZL201510236198.8, EP 3166259, EP 3621247, EP 3518473, EP 4297349, US 10,313,091, CN ZL201610964672.3, CN ZL201621198244.6, EP 3910912, EP 3562124, EP 3720095, EP 2582116, US 9,065,869, CN ZL201210362542.4, DE 102015121223, US 10,003,581, CN ZL201510898492.5, EP 2018000, US 7,953,038, CN ZL200810144547.3, KR 10-0956972, TW I398121, US 8,286,174, US 9,069,600, US 10,908,967, US 8,595,331, US 8,140,624, EP 1955151, US 8,572,138, US 8,171,253, US 8,281,363, EP 2595346, US 8,893,125, EP 3240250, EP 2829031, US 9,154,416, US 9,887,916, CN ZL201380015287.9, US 9,921,885, US 10,228,983, US 9,998,371, US 10,063,469, US 10,616,104, US 11,206,213, US 11,706,134, EP 3360302, US 9,940,470, CN ZL201680067959.4, JP 6576551, EP 2386948, US 8,745,633, US 8,271,026, EP 1827038, EP 2169985, US 9,037,165, KR 10-1135391, TW I418228, US 7,949,463, US 9,311,817, US 8,169,365, US 7,468,694, DE 602009003221.6, US 7,859,454, US 8,400,354, US 9,261,600, CN ZL200910163447.X, KR 10-1071900, TW I424184, US 8,355,693, US 9,151,823, KR 10-1463550, US 7,804,869, EP 2816617, US 9,082,926, CN ZL201310664614.5, KR 10-2075172, US 8,803,476, US 8,816,638, US 8,427,100, EP 2151907, EP 3582367, US 8,111,042, US 10,483,801, KR 10-1065738, TW I424653, EP 2713473, US 9,601,930, CN ZL2013104562639, HK 1193240, DE 102015017099, DE 102015010521, US 9,590,701, CN ZL201510561438.1, US 7,640,379, US 7,877,528, EP 1691297, US 9,270,875, EP 3429189,

CN ZL201210254807.9, KR 10-1428635, TW I526068, US 9,363,827, US 7,590,059, US 9,001,896, US 7,720,294, US 8,284,844, US RE48,845, US 7,881,385, US 9,329,871, US 8,798,386, US 9,058,668, EP 1931052, US 8,923,780, CN ZL200710199101.6, KR 10-0926260, TW I375408, HK 1124449, US 7,839,819, US 7,616,955, US 7,366,250, US 7,477,633, US 7,558,328, US 8,964,522, EP 2587689, US 9,160,434, CN ZL2012104185243, DE 102013227164, US 9,155,102, CN ZL201310753113.4, EP 1931051, US 8,600,300, KR 10-0926908, TW 96146354, EP 2515466, US 8,848,639, CN ZL201210114650.X, KR 10-1492949, EP 2518929, US 8,774,124, US 8,879,472, US 9,113,490, US 9,184,969, US 9,197,473, US 9,350,505, US 9,407,485, US 9,774,378, US 9,780,846, US 9,923,742, US 10,263,678, US 10,396,957, US 10,530,430, US 10,673,591, US 11,043,989, CN ZL201210123372.4, TW I531191, EP 2775776, US 9,204,451, US 9,867,214, US 10,542,565, CN ZL201410078728.6, CN ZL201810383918.7, and their Related Applications, individually or in combination.

6. "Related Applications" shall mean any patent or application related to the Listed Patents, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

Documents sufficient to show the complete chain of title for each of the Listed Patents, including all assignments, transfers, or conveyances, and documents sufficient to establish the authority to of any individual who executed any such assignment to do so.

**REQUEST FOR PRODUCTION NO. 2**:

Documents sufficient to show analyses or determinations of whether any of the Listed Patents is standard-essential, including any documents providing the factual bases for the same.

**REQUEST FOR PRODUCTION NO. 3**:

Documents sufficient to show agreements, licenses, covenants not to sue, settlements, or proposals concerning or relating to patent rights between Broadcom and automotive manufacturers, system or component suppliers, semiconductor manufacturers, or upstream vendors whose products are incorporated into BMW vehicles or systems, including but not limited to: Volkswagen AG, Daimler AG, Daimler Truck AG, Stellantis N.V., Tesla, Inc., Mercedes-Benz AG, Toyota Motor Corporation, Denso Ten Limited, Japan Radio Co. Ltd., Panasonic Corporation, Renesas Electronics Corporation, NXP Semiconductors N.V., or Canova Tech.

**REQUEST FOR PRODUCTION NO. 4**:

Documents sufficient to show agreements, licenses, covenants not to sue, settlements, or proposals relating to patents or patent portfolios concerning one or more of the Listed Patents or Related Applications, or otherwise covering technologies used in or applicable to streaming media, cloud services, consumer electronics, networking, data transmission, or telecommunications, including patents or technologies comparable to one or more of the Listed Patents, regardless of industry or end use.

**<u>REQUEST FOR PRODUCTION NO. 5</u>:**

Documents and communications concerning negotiations, discussions, or communications with any entity relating to the licensing of one or more of the Listed Patents, Related Applications, technologies covering IEEE 802.3 standards, or comparable technologies, including communications reflecting offers, counteroffers, rejections, valuation positions, or reasons for agreement or impasse.

**<u>REQUEST FOR PRODUCTION NO. 6</u>:**

Documents and communications concerning negotiations, discussions, or communications with any entity relating to unsuccessful attempts the failure to license one or more of the Listed Patents, Related Applications, technologies covering IEEE 802.3, or comparable technologies, including communications reflecting offers, counteroffers, rejections, valuation positions, or reasons for agreement or impasse.

**<u>REQUEST FOR PRODUCTION NO. 7</u>:**

Documents sufficient to show how Broadcom determined, calculated, or justified royalty rates or license fees for one or more of the Listed Patents or comparable technologies, including valuation models, spreadsheets, internal analyses, and assumptions used in setting or adjusting license demands.

**<u>REQUEST FOR PRODUCTION NO. 8</u>:**

Any analyses conducted by Broadcom or its agents regarding one or more of the Listed Patents conducted in the scope of Broadcom's business activity involving patent licensing and enforcement, including any documents used or created for the purpose of analyzing or evaluating BMW or others as potential licensing targets.

**<u>REQUEST FOR PRODUCTION NO. 9</u>**:

Documents and communications concerning Broadcom's FRAND licensing obligations, including letters of assurance, declarations, position papers, submissions to standard-setting organizations, and communications with actual or potential licensees, courts, or other adjudicative bodies concerning FRAND terms, compliance, or enforcement.

**<u>REQUEST FOR PRODUCTION NO. 10</u>**:

Documents and communications concerning any presentation, proposal, submission, contribution, or other communication by Broadcom (including Avago) to the OPEN Alliance relating to BroadR-Reach technology, including, without limitation, slide decks, white papers, technical proposals, draft or final specifications, position papers, or demonstration materials; communications with and license offers made to the OPEN Alliance, including its working groups, members, officers, or technical committees; documents reflecting the purpose, content, timing, or audience of any such presentation or proposal; internal documents and communications discussing, preparing for, reviewing, or responding to any such presentation or proposal; and documents discussing the relationship between BroadR-Reach technology and any of the Listed Patents or the technology described in the Listed Patents in the context of the OPEN Alliance.

**<u>REQUEST FOR PRODUCTION NO. 11</u>**:

Unredacted court orders issued in *Broadcom (Avago) v. Renault*, No. 7 O 7655/25 in the 7th Civil Chamber of the Regional Court of Munich.

## INSTRUCTIONS

If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies. To avoid doubt, these Requests do not seek production of privileged documents; they do request that such documents, if responsive to these Requests, are included in a privilege log pursuant to Federal Rule of Civil Procedure 45(e)(2)(A).