Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone: (571) 203-2750
Facsimile: (571) 203-2777

Matthew C. Berntsen (*pro hac vice*)
matthew.berntsen@finnegan.com
Guanshi Li (*pro hac vice*)
guanshi.li@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
2 Seaport Lane
6th Floor
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666

Attorneys for Petitioner
BAYERISCHE MOTOREN WERKE AG

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re *Ex Parte* Application of Bayerische Motoren Werke AG for Order to Obtain Discovery for Use in Foreign Proceedings** | Misc. Action No. 5:26-mc-80092-PCP<br><br>**REPLY TO BROADCOM's OPPOSITION TO EX PARTE APPLICATION OF BAYERISCHE MOTOREN WERKE AG FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a) TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS, FILED WITH LEAVE OF COURT** |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION: BMW SEEKS TARGETED DISCOVERY NECESSARY TO DEFEND AGAINST IMMINENT GERMAN AND UPC LITIGATIONS.......................1

II. BROADCOM ADMITS THAT MUCH OF THE DISCOVERY BMW SEEKS IS RELEVANT, AND THE HYPOTHETICAL GERMAN DISCOVERY PROCEEDING IT IDENTIFIED HAS NEVER ACTUALLY BEEN IMPLEMENTED.......................1

A. Broadcom Is Willing to Produce Much of the Discovery BMW Seeks ..................1

B. The Untested Hypothetical Procedure Proposed by a Single German Judge Says Nothing About Discovery in German Courts, Much Less the UPC ...............2

C. Broadcom Is Trying to Run Out the Clock.......................2

III. BMW SATISFIES SECTION 1782'S STATUTORY REQUIREMENTS: A PENDING FOREIGN ACTION IS NOT REQUIRED.......................3

A. Broadcom Appears Primed to Sue BMW: BMW Seeks Discovery For Use in a Foreign Proceeding That Is Far From Hypothetical .......................4

B. Broadcom's Remaining Arguments Fare No Better: Section 1782 Is Not a Declaratory Judgement Action and Has No Pre-Filing Notice Requirement..........4

IV. THE FOUR *INTEL* FACTORS FAVOR GRANTING THE APPLICATION: EACH FACTOR SUPPORTS BMW'S TARGETED REQUEST .......................5

A. The First *Intel* Factor Is at Least Neutral Because BMW Cannot Obtain Comparable Discovery Through German Procedures: Neither Germany Nor the UPC Offers a Discovery Mechanism for the Evidence BMW Needs ...............6

B. The Second *Intel* Factor Favors Discovery Because German Courts and the UPC Are Receptive to Evidence Obtained Through Section 1782: Broadcom Identifies No Authoritative Basis for Unreceptiveness .......................6

C. The Third *Intel* Factor Favors Discovery Because BMW Is Not Circumventing German Proof-Gathering Restrictions: BMW Seeks Evidence German Procedure Does Not Provide, Not Evidence German Law Forbids...........7

D. The Fourth Intel Factor Favors Discovery Because BMW's Requests Are Relevant, Narrowly Tailored, and Not Unduly Burdensome: The Remaining Disputes Concern Limited, Case-Specific Categories of Highly Probative Evidence.......................8

V. CONCLUSION: THE COURT SHOULD GRANT BMW'S REQUESTED DISCOVERY.......................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cryolife, Inc. v. Tenaxis Med., Inc.*,
No. C08-05124 HRL, 2009 WL 88348 (N.D. Cal. Jan. 13, 2009) ........................................ 6, 7, 8

*Heraeus Kulzer, GmbH v. Biomet, Inc.*,
633 F.3d 591 (7th Cir. 2011) ................................................................................ 1, 2, 6, 7

*HRC-Hainan Holding Co., LLC v. Yihan Hu*,
No. 19-mc-80277, 2020 WL 906719 (N.D. Cal. Feb. 25, 2020) ............................................... 7, 8

*In re Accent Delight Int'l Ltd.*,
869 F.3d 121 (2d Cir. 2017)........................................................................................ 7

*In re Banco Mercantil del Norte, S.A.*,
126 F.4th 926 (4th Cir. 2025) ...................................................................................... 7

*In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd. (Macquarie Bank II)*,
No. 2:14-CV-00797-GMN, 2015 WL 3439103 (D. Nev. May 28, 2015)....................................... 6

*In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*,
539 F.2d 1216 (9th Cir. 1976) ...................................................................................... 5

*In re Microsoft Corp.*,
428 F.Supp.2d 188 (S.D.N.Y.2006)................................................................................. 6

*In re: Application of Joint Stock Co. Raiffeinsenbank*,
No. 16-MC-80203-MEJ, 2016 WL 6474224 (N.D. Cal. Nov. 2, 2016).......................................... 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004)................................................................................................ 4, 5, 6

*Khrapunov v. Prosyankin*,
931 F.3d 922 (9th Cir. 2019) ....................................................................................... 4

*Republic of Ecuador v. Connor*,
708 F.3d 651 (5th Cir. 2013) ....................................................................................... 5

*Sony Electronics, Inc. v. Guardian Media Technologies, Ltd.*,
497 F.3d 1271 (Fed. Cir. 2007)........................................................................................ 5

*UCP Int'l Co. Ltd. v. Balsam Brands Inc.*,
252 F. Supp. 3d 828 (N.D. Cal. 2017) ................................................................................ 4

**Statutes**

28 U.S.C. § 1782(a) ............................................................................................................ 1, 3, 10

## I. INTRODUCTION: BMW SEEKS TARGETED DISCOVERY NECESSARY TO DEFEND AGAINST IMMINENT GERMAN AND UPC LITIGATIONS

Bayerische Motoren Werke Aktiengesellschaft ("BMW" or "Applicant") submits this Reply in support of its Application for discovery pursuant to 28 U.S.C. § 1782(a) from Broadcom Inc. ("Broadcom"). BMW originally brought its § 1782 Application at Broadcom's suggestion and Broadcom has conceded—both in its briefing and in discussion between the parties—that most, if not all, of what BMW seeks to discover is in fact relevant. But rather than provide discovery, Broadcom now seeks to run out the clock on the parties' existing license so it can sue BMW before the instant Application is resolved.

Broadcom's attempt to recast the Application as premature because no German or Unified Patent Court ("UPC") action is yet pending falls flat because the Supreme Court has clearly explained that "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings." Broadcom's remaining objections fare no better.

## II. BROADCOM ADMITS THAT MUCH OF THE DISCOVERY BMW SEEKS IS RELEVANT, AND THE HYPOTHETICAL GERMAN DISCOVERY PROCEEDING IT IDENTIFIED HAS NEVER ACTUALLY BEEN IMPLEMENTED

"Once a section 1782 applicant demonstrates a need for extensive discovery for aid in a foreign lawsuit, the burden shifts to the opposing litigant to demonstrate, by more than angry rhetoric, that allowing the discovery sought (or a truncated version of it) would disserve the statutory objectives." *Heraeus Kulzer, GmbH v. Biomet, Inc.*, 633 F.3d 591, 597 (7th Cir. 2011) (Posner, J.). Broadcom's Opposition makes no such demonstration—§ 1782 is still the law, regardless of the fact that Broadcom dislikes being the target of § 1782 discovery.

### A. Broadcom Is Willing to Produce Much of the Discovery BMW Seeks

[redacted] accord Opp. Section V. The remaining disputes concern a small number of concrete, case-specific categories of evidence central to the contemplated foreign proceedings. [redacted]

Thus, while Broadcom opposes BMW's § 1782 Application and claims production is too burdensome, in actuality, it is willing to produce most of what BMW seeks.

**B. The Untested Hypothetical Procedure Proposed by a Single German Judge Says Nothing About Discovery in German Courts, Much Less the UPC**

Broadcom makes much of what it calls the "established German procedure[]," Opp. at 11-13, of Judge Schön in Munich, but in fact nothing is established. Rather, what Broadcom and its declarant refer to is no more than a proposed document production mechanism that has never been exercised. *See* Dkt. 22-1, ¶¶ 17-19, Declaration of Hannes Jacobsen (Broadcom's declarant). As Broadcom's own submission makes clear, this proposed "procedure" is no more than a "concept" that a single German judge "suggests" for use "outside of infringement litigation," without mentioning specific sections of law on which such procedure would be based on. Dkt 22-1 ¶ 20. Broadcom provides no indication that any such "proceeding" has ever been conducted—to BMW's knowledge, none have. That is hardly "established."

Moreover, what Judge Schön has proposed is not *discovery*[1] but rather a voluntary procedure that would facilitate confidential disclosure of what the patent owner considers to be comparable license agreements at the consent and discretion of the patent owner. *See id.* ("The principal remains that the patent holder decides which license agreements are presented to demonstrate the legitimacy of the asserted license claim."). This is not the compelled production of all relevant licensing, standing, and enforcement evidence Congress intended by enacting § 1782. *See Kulzer*, 633 F.3d at 594 (Section 1782 aims to enable foreign litigants "to be able to take advantage of our generous discovery provisions . . . ." ).

Judge Schön's contemplated "procedure" is interesting. But it is merely hypothetical and no substitute for discovery under United States law.

**C. Broadcom Is Trying to Run Out the Clock**

[redacted]

[1] DISCOVERY, Black's Law Dictionary (12th ed. 2024) ("Compulsory disclosure, at a party's request, of information that relates to the litigation").

BMW served the originally- filed Application (Dkt. 1) on April 3, 2026. *See* Dkt. 5. At the same time, BMW informed Broadcom of the filing. Broadcom's service agent waited until late April 16, 2026, the Court's due date for Broadcom's response to the Application, to inform BMW that it allegedly cannot accept service on behalf of Broadcom Inc. *See* Dkt. 14. The next day, Broadcom informed BMW through its German negotiation counsel that it had not yet been served. The formalities of service notwithstanding, Broadcom is represented by competent counsel and there is little doubt it reviewed the Application in early April.

To avoid unnecessary delay, on April 17, 2026, BMW filed a Corrected Application and re-served on the same day. *Id.* At Broadcom's request, BMW agreed to extend the time to respond to May 5, 2026. *See* Dkt. 15. But just one week later, Broadcom requested another 14-day extension. [redacted]

Whatever the reason for Broadcom's request for two more weeks, it seems that the need for more time to respond was not it. Broadcom filed its 21-page opposition supported by a 20-page German attorney declaration, as well as a sealing motion, eight days after requesting more time.

## III. BMW SATISFIES SECTION 1782'S STATUTORY REQUIREMENTS: A PENDING FOREIGN ACTION IS NOT REQUIRED

Section 1782 imposes three statutory requirements: (1) the discovery target must reside in the district; (2) the discovery must be for use in a foreign proceeding; and (3) the applicant must be an "interested person." 28 U.S.C. § 1782(a). Broadcom does not dispute that the first and third requirements are met, *see generally* Opp., and its position on the second element flies in the face of black letter Supreme Court precedent. All three statutory requirements are satisfied.

BMW satisfies the foreign proceeding requirement because it reasonably contemplates German and UPC litigation concerning Broadcom's patents. As BMW explained in the Application, the statute does not require a pending foreign lawsuit. Dkt. 12 at 11-12. To the contrary, the Supreme

Court has specifically found that "[t]he 'proceeding' for which discovery is sought under § 1782(a) must be in reasonable contemplation, but need not be 'pending' or 'imminent' . . . ." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247, 258-259 (2004) (noting that in the most recent statutory revision, "Congress … deleted the requirement that a proceeding be 'pending.'"); *see also Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (finding second statutory factor might be met where there is a "mere possibility that discovery might permit already concluded foreign proceedings to be reopened" and remanding for further proceedings).

### A. Broadcom Appears Primed to Sue BMW: BMW Seeks Discovery For Use in a Foreign Proceeding That Is Far From Hypothetical

Conspicuously absent from Broadcom's Opposition is even the suggestion that it has no intention to sue BMW for patent infringement. *See generally* Opp. Broadcom says all it has done is "[m]erely retain[] counsel and sketch[] a vague outline of a proposed suit." Opp. at 7. But this is hardly a fair characterization of where the parties stand. As BMW previously explained, Broadcom has sued BMW abroad before. Dkt. 12 at 8. Broadcom contends that a license is required to practice its patents, as it claims BMW is doing. *Id.* at 9. And in the last few months, Broadcom sent BMW its "proud list" of patents and advised that it was analyzing BMW's products and services. *Id.* What's more, as Broadcom recognizes, [redacted] after which Broadcom is free to once again seek to force BMW into a license by filing suit—just as Broadcom has done to virtually every automotive manufacturer. *See* Dkt. 1-5, ¶ 9; Opp. at 3, 5; *see also UCP Int'l Co. Ltd. v. Balsam Brands Inc.*, 252 F. Supp. 3d 828, 834 (N.D. Cal. 2017) (in the Article III context, prior suit can be "sufficient to demonstrate a justiciable case or controversy").

### B. Broadcom's Remaining Arguments Fare No Better: Section 1782 Is Not a Declaratory Judgement Action and Has No Pre-Filing Notice Requirement

As the Supreme Court held over two decades ago, "Section 1782 . . . does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist here. ***Comparisons of that order can be fraught with danger.***" *Intel*, 542 U.S. at 244 (emphasis added). The Fifth Circuit explained: "[d]escribing a federal court's authority under § 1782 as 'jurisdictional' fits awkwardly with conventional Article III terminology. . . . Not only does the

unusual role of a federal court under § 1782 suggest that 'jurisdictional' thinking is misplaced, but even if 'jurisdiction' is at issue, the best approach is to treat jurisdiction as conflated with the merits of the application." *Republic of Ecuador v. Connor*, 708 F.3d 651, 655 (5th Cir. 2013). Regardless, while declaratory-judgment standing under Article III imposes a more stringent standard than § 1782, courts have recognized that licensing negotiations accompanied by explicit or implicit litigation threats may still create a sufficiently concrete controversy to support declaratory judgement standing. *See* Dkt. 12 at 12; *see also Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, 497 F.3d 1271, 1284 (Fed. Cir. 2007).

Second, there is no requirement that BMW first notify Broadcom of this § 1782 application before seeking relief. *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (actions can be taken with respect to the § 1782 application *ex parte*; the respondent can raise objections and exercise their due process rights by motions to quash). But here it was Broadcom that originally suggested that BMW file a § 1782 Action in the first place and BMW immediately informed Broadcom upon the Application's filing.

* * * * *

Broadcom has identified its "proud list" of patents on which BMW believes Broadcom is poised to sue [redacted] Opp. at 3, 5. No reasonable party could doubt that a suit by Broadcom in Germany is within "reasonable contemplation." *Intel*, 542 U.S. at 247. The second statutory § 1782 requirement is satisfied.

## IV. THE FOUR *INTEL* FACTORS FAVOR GRANTING THE APPLICATION: EACH FACTOR SUPPORTS BMW'S TARGETED REQUEST

Each of the *Intel* factors supports granting BMW's Application. There is no dispute that: (1) Germany and the UPC lack any mechanism for comparable discovery; (2) German courts are receptive to evidence obtained through § 1782; and (3) BMW is not circumventing foreign proof-gathering restrictions. With regard to factor (4), while Broadcom complains about the scope of BMW's requests, that scope is a direct consequence of Broadcom's refusal to identify specific patents to which it believes BMW requires a license. Dkt. 12 at 9; Dkt. 1-5, ¶ 9; *see also* [redacted]

[redacted] With that backdrop, BMW's requests are narrowly tailored to probative, case-specific evidence. *See* Dkt. 12 at 13-23.[2]

### A. The First *Intel* Factor Is at Least Neutral Because BMW Cannot Obtain Comparable Discovery Through German Procedures: Neither Germany Nor the UPC Offers a Discovery Mechanism for the Evidence BMW Needs

There is no dispute that "[t]he concept of 'discovery' or broad document production or depositions as understood in United States common law litigation do not exist under German procedural law." Dkt. 21-1, ¶¶ 6, 26, 31-38; *accord* Opp. at 12 ("German patent litigation does not provide for broad U.S.-style discovery, including deposition testimony.").

Indeed, while *Intel* explains that this factor more clearly favors discovery if the target is not a party abroad, the actual Factor One inquiry is whether the discovery is available in the foreign proceeding. *In re Jud. Assistance Pursuant to 28 U.S.C. 1782 by Macquarie Bank Ltd. (Macquarie Bank II)*, No. 2:14-CV-00797-GMN, 2015 WL 3439103, at *6 (D. Nev. May 28, 2015) ("[a]lthough the case law at times refers to whether the 'person' is within the foreign tribunal's jurisdictional reach, the key issue is whether the material is obtainable through the foreign proceedings"); *In re Microsoft Corp.,* 428 F.Supp.2d 188, 194 (S.D.N.Y. 2006) ("The relevant inquiry is whether the evidence is available to the foreign tribunal"). Here there is no dispute that a § 1782 Applicant "cannot obtain even remotely comparable discovery by utilizing German procedures." Opp. at 12; *Kulzer*, 633 F.3d at 597 (reversing and remanding denial of § 1782 application directed to counterparty in foreign suit).

*Intel* Factor One is at least neutral, and if anything favors BMW.

### B. The Second *Intel* Factor Favors Discovery Because German Courts and the UPC Are Receptive to Evidence Obtained Through Section 1782: Broadcom Identifies No Authoritative Basis for Unreceptiveness

There is no actual dispute that German courts and the UPC are receptive to discovery obtained through § 1782 proceedings. Dkt.1-5, ¶¶ 31-32; Dkt. 21-1, ¶¶ 15.

Broadcom again argues that the lack of a pending case abroad bars discovery. Opp. at 10-11. As before, Broadcom's position is counter to black letter law. *Intel*, 542 U.S. at 258. Next, Broadcom

---

[2] The *Intel* factors are considered as a whole. *Cryolife*, 2009 WL 88348, at * 5 (granted § 1782 petition on balance the *Intel* factors). Even if the Court found one or even two factors favor Broadcom, that is not a bar to granting § 1782 discovery. *Id.*

conflates whether German courts' receptivity to § 1782 discovery—which Broadcom's German attorney does not dispute, *see generally* Dkt. 22-1—with whether the discovery BMW seeks is available in Germany (everyone agrees it is not).[3] Opp. at 11-12 (citing case law regarding Factor 3).

As BMW showed in its Application, numerous cases establish that German courts are receptive to evidence obtained through § 1782. *See* Dkt. 12 at 15; *see also, e.g.*, *Kulzer*, 633 F.3d at 596 ("there is no indication that the German court . . . would refuse to admit evidence that Heraeus obtained through U.S. discovery"); *Cryolife, Inc. v. Tenaxis Med., Inc.*, No. C08-05124 HRL, 2009 WL 88348, at *3 (N.D. Cal. Jan. 13, 2009) (second *Intel* factor favors discovery where there was "no basis to conclude that the German court would be unreceptive"). Nothing in Broadcom's Opposition changes this result.

*Intel* Factor Two favors BMW.

### C. The Third *Intel* Factor Favors Discovery Because BMW Is Not Circumventing German Proof-Gathering Restrictions: BMW Seeks Evidence German Procedure Does Not Provide, Not Evidence German Law Forbids

Broadcom complains that BMW is using § 1782 for its intended purpose: to enable actual and expectant litigants abroad, such as BMW here, "to be able to take advantage of our generous discovery provisions . . . to encourage foreign countries to enlarge discovery rights in their own legal systems." *Kulzer*, 633 F.3d at 594; *contra* Opp at 14 (disagreeing with Congress's decision to enact § 1782). But Broadcom's incorrect suggestion that § 1782 discovery is limited in scope to any discovery available abroad would put Factors 3 and 1 (lack of availability abroad) at odds and defeat the very purpose of § 1782. The Court should not countenance Broadcom's attempt to conflate lack of availability with affirmative proof-gathering restrictions. *See HRC-Hainan Holding Co., LLC v. Yihan Hu*, No. 19-mc-80277, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020); *see also Kulzer*, 633 F.3d at 597 ("[a] petitioner seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction or tribunal prohibits the discovery of those documents"); *In*

---

[3] BMW declines the invitation to discuss its litigation strategy of years ago. *See* Opp. at 12. In any event, the second *Intel* factor asks whether the foreign tribunal would be receptive to evidence obtained through § 1782, not whether the applicant previously found it strategically advantageous to use every document it obtained. *In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 929 n.3 (4th Cir. 2025) (whether applicant would use the Application's discovery in the referenced foreign proceeding is "not a factor in our analysis").

*re: Application of Joint Stock Co. Raiffeinsenbank*, No. 16-MC-80203-MEJ, 2016 WL 6474224, at *6 (N.D. Cal. Nov. 2, 2016) ("[s]eeking more discovery than Russian discovery procedures allow does not circumvent Russian law" (citation omitted)). Likewise, that deposition testimony is not available in Germany does not bar it from being obtained via § 1782. *Cryolife*, 2009 WL 88348, at *4 (allowing deposition testimony despite its unavailability under German law).

Here, the parties agree that German patent litigation does not provide mechanisms comparable to U.S. discovery. Opp. at 12. That absence does not amount to an affirmative prohibition. *See HRC-Hainan*, 2020 WL 906719, at *10; *Raiffeinsenbank*, 2016 WL 6474224, at *6. Regardless, Broadcom's argument that Germany has made a deliberate legislative policy choice against allowing such discovery, while irrelevant to Factor 3, is contradicted by the fact that Judge Schön in Germany is supposedly developing a limited procedure for obtaining SEP-related third-party agreements as selected by the patent owner.[4] *Id.* at 12-13. Broadcom cannot have it both ways.

*Intel* Factor Three favors BMW.

### D. The Fourth Intel Factor Favors Discovery Because BMW's Requests Are Relevant, Narrowly Tailored, and Not Unduly Burdensome: The Remaining Disputes Concern Limited, Case-Specific Categories of Highly Probative Evidence

Broadcom does not actually dispute whether *any* of the evidence BMW seeks is relevant. Opp. § III.b.iv; Section II, *supra*. And that evidence *is* relevant. Dkt. 12 at 17-23. Moreover, Broadcom ignores the fact that [redacted]

Any complaints Broadcom may have about breadth are of its own making. [redacted] And Broadcom's Opposition does not actually address BMW's explanations of why each category of requested discovery matters. *See* Dkt. 12 at 17-23.

---

[4] To be clear, Judge Schön's proposal is not a restriction on proof-gathering. As discussed above, it is simply one judge's effort to create a limited pre-litigation mechanism in an environment where both sides agree there is effectively no discovery under German procedure. *See* Dkt. 21-1, ¶ 20.

Broadcom should not be heard to complain that BMW seeks discovery across Broadcom's portfolio when Broadcom itself obscures which patents are actually at issue.

The requests are also narrowly tailored to issues central to the contemplated foreign disputes. Broadcom's licensing agreements are important to determining reasonable royalties and litigation value under German law. Dkt. 12 at 19-20. Broadcom's prior licenses and failed licensing efforts bear directly on validity and claim scope issues. *Id.* at 20-21. Broadcom's SEP licensing history and related internal analyses are critical to FRAND disputes and injunctive-relief exposure. *Id.* at 21-22. Broadcom's statements to the OPEN Alliance are probative of licensing scope and FRAND compliance. *Id.* at 22. And Broadcom's patent assignment history is necessary to determine standing and enforceability under German law. *Id.* at 22-23.

Broadcom's remaining complaints fare no better. First, third party confidentiality obligations[5] are managed by a protective order of this Court.[6] And while Broadcom alleged that it cannot produce "orders and judgments from the Renault proceeding" without orders of the German court, [redacted] Second, BMW's proposed subpoena is clear that its "Requests do not seek production of privileged documents . . . ." Dkt. 1-1 at 11. Third, BMW has held its deposition in abeyance and expects that its deposition topics will be significantly narrowed when Broadcom complies with its document production obligations. But BMW is not in a position to narrow those topics before it has been able to consider what questions are sufficiently answered via document production.

*Intel* Factor Four favors BMW.

* * * * *

With all four *Intel* factors in favor of discovery or at least neutral, the Court should exercise its discretion to grant BMW's requested discovery.

---

[5] To the extent Broadcom may later argue that it requires time to give notice to such third parties, there is no indication it has even started this process despite having had weeks to do so.

[6] BMW provided Broadcom with a proposed Protective Order on May 4, 2026, with no response.

## V. CONCLUSION: THE COURT SHOULD GRANT BMW'S REQUESTED DISCOVERY

BMW respectfully requests that the Court grant its Application under 28 U.S.C. § 1782(a) and authorize the requested discovery from Broadcom because the statutory requirements are met and the *Intel* factors favor granting the relief requested by BMW.

Dated: May 19, 2026

By: */s/ Erik R. Puknys*
Erik R. Puknys

Attorney for Petitioner
BAYERISCHE MOTOREN WERKE AG

*Of Counsel*:

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone:(571) 203-2750
Facsimile: (571) 203-2777

Matthew C. Berntsen (*pro hac vice*)
matthew.berntsen@finnegan.com
Guanshi Li (*pro hac vice*)
guanshi.li@finnegan.com
**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.**
2 Seaport Lane
6th Floor
Boston, MA 02210-2001
Telephone:(617) 646-1600
Facsimile: (617) 646-1666