Erik R. Puknys (SBN 190926)
  erik.puknys@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA  94304-1203
Telephone:      (650) 849-6600
Facsimile:      (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
  lionel.lavenue@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
1875 Explorer Street
Suite 800
Reston, VA  20190-6023
Telephone:      (571) 203-2750
Facsimile:      (571) 203-2777

Matthew C. Berntsen (*pro hac vice*)
  matthew.berntsen@finnegan.com
Guanshi Li (*pro hac vice*)
  guanshi.li@finnegan.com
**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**
2 Seaport Ln
6th Floor
Boston, MA 02210-2001
Telephone:      (617) 646-1600
Facsimile:      (617) 646-1666

*Attorneys for Applicant*
*BAYERISCHE MOTOREN WERKE AG*

**QUARLES & BRADY LLP**
Michael J. Curley (SBN 230343)
One South Church Avenue, Suite 1800
Tucson, AZ 85701
Tel: 520-770-8700
Fax: 520-623-2418
Michael.Curley@quarles.com

Aaron Buckley (SBN 202081)
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700
Aaron.Buckley@quarles.com

Daniel S. Young (*pro hac vice*)
Kent T. Dallow (*pro hac vice*)
8744 Kendrick Castillo Way, Suite 560
Highlands Ranch, CO 80129
Phone: 303-268-0066
Fax: 303-381-9887
Email: DYoung@quarles.com
Email: Kent.Dallow@quarles.com

*Attorneys for Respondent*
*BROADCOM INC.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In Re *Ex Parte* Application of Bayerische Motoren Werke AG for Order to Obtain Discovery for Use in Foreign Proceedings** | Misc. Action No. 5:26-mc-80092-PCP<br><br>[PROPOSED] **PROTECTIVE ORDER** |

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials properly designated as confidential are subject to such treatment, and to permit the parties reasonably necessary uses of such materials in this § 1782 proceeding and in preparation for and in the conduct of the Actions, pursuant to Fed. R. Civ. P. 26(c), IT IS HEREBY ORDERED THAT:

## 1.    DEFINITIONS

1.1    "BMW AG": Bayerische Motoren Werke Aktiengesellschaft and its subsidiaries.

1.2    "Broadcom": Broadcom Inc. and its subsidiaries.

1.3    "Actions": One or more of (i) the above-captioned proceeding; (ii) any future dispute involving at least BMW AG on the one hand and Broadcom on the other and related to any U.S. or foreign patent owned, controlled, or able to be licensed by Broadcom; and (iii) any and all appeals related to the same.

1.4    "Discovery Material": all documents, items, and information, regardless of the medium or manner in which it is generated, stored, or maintained, including all written material, electronic data, video, and all other tangible items, that are produced or generated in this § 1782 proceeding, whether before or after the entry of this Protective Order, including, but not limited to, documents within the scope of Fed. R. Civ. P. 26, discovery responses, pleadings, exhibits to pleadings, affidavits and declarations, stipulations, correspondence, testimony transcripts, electronically stored information, or tangible things.

1.5    "Party or Parties": One or more of BMW AG and Broadcom.

1.6    "Non-Party": Any natural person, partnership, corporation, association, or other legal entity that is not a Party.

1.7    "Designating Party": a Party or Non-Party that designates Material as "CONFIDENTIAL," pursuant to this Protective Order.

1.8    "Receiving Party": a Party that receives Discovery Material from a Designating Party.

1.9    "CONFIDENTIAL Discovery Material": Discovery Material, designated in conformity with this Protective Order, that the Designating Party believes in good faith is not

generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business.

1.10    "Expert": a person who has been retained by a Party or its Counsel to serve as an expert witness retained or specifically employed to provide expert testimony in one or more of the Actions. This includes an expert who has been specifically retained to prepare for the proceedings but is not expected to be called as a witness.

1.11    "Outside Counsel": (i) outside counsel who appear on the pleadings in one or more of the Actions as counsel for a Party, (ii) outside counsel for a Party who have signed the Written Assurance, and (iii) licensed partners, counsel, associates, trainees, and contract attorneys at the same law firm of such in (i) or (ii) to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Outside Counsel" does not include a person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the pleadings as counsel for a Party.

1.12    "Designated House Counsel": Attorneys who are employees of the Receiving Party and who have responsibility for managing the Actions and who have been designated in writing between the Parties. Designated House Counsel does not include Outside Counsel. Designated House Counsel includes support staff to whom disclosure is reasonably necessary only to the extent the support staff have signed the Written Assurance.

1.13    "Protected Material": any Discovery Material that is designated "CONFIDENTIAL," as well as any information copied, extracted, summarized, or compiled from Discovery Material that is designated "CONFIDENTIAL." Protected Material shall be used solely for the Actions.

1.14    "Written Assurance": an executed document in the form attached as Exhibit A.

**2.    DESIGNATING DISCOVERY MATERIAL**

2.1    Designation in conformity with this Protective Order requires:

(a) That the Designating Party affix the "CONFIDENTIAL" legend on each page that contains the corresponding Protected Material for information in documentary form (apart from deposition transcripts or transcripts from other pretrial or trial proceedings, which are addressed in subparagraph (b) below). For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container, or containers in which the information or item is stored, the appropriate legend. For documents produced in native format, the Designating Party shall provide written notice to the Receiving Party of any confidentiality designations at the time of production.

(b) That any Designating Party wanting to designate as "CONFIDENTIAL," either all or part of any deposition testimony or exhibits used or marked in depositions either shall identify such designated testimony or exhibits on the record at the deposition or shall make the designation within ten (10) business days after the deposition. The deposition of any witness (or any portion of such deposition) that encompasses Protected Material shall be taken only in the presence of persons who are qualified under this Protective Order to have access to such information. To the extent that designations are made at the deposition and such designations can be practically identified prior to creation of the transcript, the court reporter should bind transcript pages and any exhibits containing Protected Material separately from the remainder of the transcript and affix to the top of each such hard copy or electronic page the "CONFIDENTIAL" legend as instructed by the party designating the deposition testimony.

(c) That the Designating Party affix "CONFIDENTIAL," in a prominent place on the exterior of any container(s) or device(s) containing Protected Material when Protected Material includes tangible items and/or are in a form other than documentary material.

2.2    An inadvertent failure to designate Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order. Any Designating Party who inadvertently fails to designate Discovery Material "CONFIDENTIAL" shall have five

(5) business days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error to Outside Counsel for the Receiving Party and substituting copies of the inadvertently produced Discovery Material designated "CONFIDENTIAL."

2.3     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized by this Protective Order, Outside Counsel for the Receiving Party shall immediately send written notification of the inadvertent disclosure to Outside Counsel for the Designating Party.

2.4     Upon notice of inadvertent disclosure of Protected Material, the Receiving Party shall immediately (i) use its best efforts to retrieve all copies of the Protected Material, including any notes, excerpts, summaries, or compilations thereof; (ii) inform the person(s) to whom unauthorized disclosures were made of all the terms of this Protective Order; and (iii) request each such person or persons to execute the Written Assurance. If the Receiving Party is unable to obtain an executed Written Assurance within fourteen (14) days of the inadvertent disclosure, the Receiving Party must promptly notify the Designating Party. Compliance with any of the foregoing shall not prevent a Party from seeking further relief from the Court.

2.5     Any document produced in this proceeding before entry of this Protective Order with any "CONFIDENTIAL" designation shall receive the same treatment as if designated "CONFIDENTIAL" under this Protective Order, unless and until such document is re-designated to have a different classification under this Order.

**3.     ACCESS TO AND USE OF PROTECTED MATERIAL**

3.1     Access to any "CONFIDENTIAL" Discovery Material shall be limited to the following persons for the purpose of this proceeding and the Actions:

    (a)  persons who appear on the face of CONFIDENTIAL Discovery Material as an author, addressee, or recipient thereof;

    (b)  the Court, its officers and personnel;

    (c)  the court(s) or adjudicative bodies before which one or more of the Actions are pending, as well as their personnel;

(d) jurors and alternate jurors, and court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this proceeding or the Actions;

(e) Outside Counsel;

(f) Up to five (5) Designated House Counsel or their support staff (who count toward the number of designees) to whom disclosure is reasonably necessary for the Actions and who have signed the Written Assurance and been designated to the other Party in writing. In the event that a Designated House Counsel or their support staff ceases to be employed by a Party, that Party may designate a replacement without counting toward the total.

(g) Experts and non-attorney consultants, provided:

  (i).   such expert or consultant is not presently employed or engaged by any Party for purposes other than the Actions;

  (ii).   at least ten (10) business days before access to Protected Material is given to that expert, the following documents are provided to the Designating Party:

    (A).   the Written Assurance attached as Exhibit A, executed by such expert. Written Assurance obligations apply equally to foreign experts;

    (B).   the most recent resume or curriculum vitae of such expert; and

    (C).   a list of cases in which such expert has submitted a declaration or testified as an expert at trial or deposition within the four (4) years preceding the date on which Exhibit A is executed;

  (iii).   no unresolved objection to such expert under Paragraph 3.2 exists;

(h) independent litigation support services retained by a Party, or on behalf of a Party, and working at the direction of Outside Counsel for the preparation and/or trial of this proceeding or the Actions (i.e., court reporters, videographers, graphics, translation, design, and/or trial consulting services, and e-discovery technology services) provided that such persons or entities handling Protected Material have been made aware that all

Protected Material and all personnel handling such Protected Material are subject to this Protective Order;

(i) during testimony or examination in the Actions: (i) a witness who is an officer, director, or employee of the Designating Party or is testifying for the Designating Party pursuant to Federal Rule of Civil Procedure 30(b)(6); or (ii) a witness who was formerly an officer, director, or employee of the Designating Party, if the document, information, or material was in existence during the period of that person's employment by the Designating Party, and if sufficient foundation is established that the witness likely accessed the document during his or her employment by the Designating Party; or (iii) otherwise as agreed in writing by the Parties or ordered by the Court or the court(s) or adjudicative bodies before which one or more of the Actions are pending.

3.2     After the Receiving Party provides an identification and executed Written Assurance, the Designating Party will have ten (10) business days to object to such identified individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. The Parties agree to promptly confer and use good faith to resolve any such objection, consistent with the Court's rules. If the Parties are unable to resolve an objection, the objecting Party may apply to the Court to resolve the matter within fifteen (15) business days of the objection, or within such other time as the Parties may agree. The objecting Party shall have the burden of proving the need for preventing such disclosure. No disclosure shall occur until the Parties have resolved each timely objection, or the presiding judge has ruled upon any motion. In the absence of an application to the Court prior to the end of the fifteen (15) business-day period, the individual shall be deemed approved under this Order.

3.3     Outside Counsel shall maintain copies of all executed Written Assurances for at least one year after the termination of the Actions.

3.4     Any Protected Material may be introduced or submitted during the Actions if the Party submitting such Protected Material takes reasonable steps and makes reasonable confidentiality requests to the applicable court or adjudicative body available under the applicable law to protect the confidentiality of such Protected Material, including: (a) in the case of written or electronic

submissions, requesting that the court or adjudicative body exclude any Protected Material from any third party access to the court files and keep them separate from other submissions; (b) in the case of written or electronic submissions, redacting, to the extent reasonably possible, any Protected Material, and requesting that only the persons permitted access to such Protected Material under this Protective Order are the recipients of such information; (c) in the case of written or electronic submissions, marking any Protected Material as CONFIDENTIAL, and requesting that only the persons permitted access to such Protected Material under this Protective Order are the recipients of such information; and (d) requesting that the court or adjudicative body seal the courtroom from the public, including Party representatives who are not permitted access to Protected Material under this Protective Order, during those portions of court hearings when the Protected Material is to be discussed, and to the extent reasonably practicable, otherwise referring to citations to the written record for Protected Material during court proceedings in lieu of the content of Protected Material where members of the public or others are present who are not permitted access to Protected Material.

3.5     Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is appropriately limited to the persons authorized under the Protective Order.

3.6     By entering this Order and limiting the disclosure of information in this proceeding and the Actions, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion or subpoena to disclose another Party's information designated "CONFIDENTIAL," pursuant to this Order shall promptly notify that party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

3.7     Nothing in this Protective Order shall be construed to limit any Designating Party's use or disclosure of its own Discovery Material.

3.8     Nothing in this Protective Order shall act to prevent any Party from disclosing information, producing documents to, or otherwise cooperating with any regulatory entity or

regulatory agency to the extent required by law. Such cooperation must be limited to what is required by law and does not authorize broader disclosure beyond the scope of this proceeding and the Actions.

3.9    Each Party that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party may designate for protection only material, documents, items, or oral or written communications that qualify so that material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order. Mass, indiscriminate, or routinized designations are prohibited.

3.10    Nothing in this Protective Order shall prevent or in any way limit disclosure, use, or dissemination of any information or data that is in the public domain. Discovery Material that is or becomes generally available to the public other than as a result of a violation of this Protective Order shall not constitute Protected Material for purposes of this Protective Order.

## 4.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

4.1    Any Receiving Party may challenge the designation of any Protected Material provided that such a challenge is made in good faith, made in writing to Outside Counsel, and identifies the challenged document(s) with specificity, including Bates number(s) where available, and the specific grounds for the objection to the designation. Any such Protected Material shall be treated as designated with the Designating Party's designation until the dispute is resolved.

4.2    The Designating and Receiving Parties shall meet and confer in an attempt to resolve the dispute over designation of Protected Material. If the Receiving and Designating Parties cannot come to agreement, the Receiving Party may then, and only then, pursue intervention from the Court.

4.3    Should the Receiving Party elect to press its challenge to a confidentiality designation following the meet and confer required by Paragraph 4.2, the Receiving Party may move the Court for appropriate relief.

**5.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

5.1    If a Party is served with a subpoena or a court order issued in other litigation other than the Actions that compels disclosure of any information or items produced by the other Party and designated in this action as "CONFIDENTIAL" that Party must:

(a) within ten (10) calendar days of service of the subpoena or court order, notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) within ten (10) calendar days of service of the subpoena or court order, notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) the Party shall give the Designating Party ten (10) calendar days to seek a protective order or other such protection with the applicable adjudicative body.

5.2    If the Designating Party timely seeks a protective order or similar protection, the Party served with the subpoena or court order (1) shall notify the party who caused the subpoena or order to issue of the Designating Party's intention for such protective order or similar protection; and (2) shall not produce any information designated in this action as "CONFIDENTIAL" before said protective order or similar protection is resolved by the court or adjudicative body from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. Absent a court order to the contrary, the Designating Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**6.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED**

6.1    The terms of this Order are applicable to information produced by a Non-Party and designated as "CONFIDENTIAL." Such information produced by Non-Parties is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

6.2     In the event that a Party is required to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) within ten (10) calendar days after entry of the Stipulated Protective Order, receiving the discovery request, and identifying the requested confidential information after a reasonable search, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) within ten (10) calendar days after entry of the Stipulated Protective Order, receiving the discovery request, and identifying the requested confidential information after a reasonable search, provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

6.3     If the Non-Party fails to object to the Party and seek a protective order from this court within ten (10) calendar days of receiving the notice and accompanying information, the Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party objects to the Party and seeks a protective order from this Court within ten (10) calendar days, the Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**7.      PRODUCTION OF PRIVILEGED INFORMATION OR MATERIAL OTHERWISE IMMUNE FROM DISCOVERY**

7.1     Nothing in this Order shall require production of documents, information, or other material that is protected from disclosure by the attorney-client privilege, the work product doctrine, or other recognized privilege, doctrine, or immunity. If Discovery Material protected from disclosure by the attorney-client privilege, work product doctrine, or other recognized

privilege, doctrine, or immunity is inadvertently or unintentionally produced, pursuant to FRE 502(d), such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

7.2     If a Designating Party inadvertently discloses information protected from disclosure by the attorney-client privilege, attorney work product protection, common-interest privilege, or any other recognized privilege, immunity, or protection from production or disclosure ("Privileged Information") then, so long as such Designating Party advises Outside Counsel for the Receiving Party in writing of such inadvertent disclosure within five (5) days from the date that the disclosure was discovered or brought to the attention of the Designating Party, such disclosure (as distinct from use) shall be deemed inadvertent.

7.3     Upon being advised by the Designating Party of an inadvertent or unintentional disclosure of Privileged Information, the Receiving Party shall immediately cease use and dissemination of such Information, including during depositions or trial. The Receiving Party shall promptly gather and return or destroy all copies of such Privileged Information to the Designating Party. The Receiving Party shall confirm in writing within ten (10) business days that, to the best of its ability, all such Privileged Information and all copies or documents derived from the Privileged Information have been returned or destroyed.

7.4     If any Receiving Party is in receipt of a document from a Designating Party that the Receiving Party has reason to believe is privileged or otherwise protected from disclosure, the Receiving Party shall in good faith take reasonable steps to promptly notify the Designating Party of the production of that document so that the Designating Party may make a determination of whether it wishes to have the documents returned or destroyed pursuant to this Order. No provision of this Order shall constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work product doctrine, or any other potentially applicable privilege or doctrine. Notwithstanding the provisions of Paragraph 7.3, in the event of a dispute as to whether particular Discovery Material constitutes Privileged Information, the Party returning or destroying such produced Discovery Material may keep one copy of the Discovery Material in dispute for the sole purpose of challenging any asserted privilege (and may also keep any work

product solely for the purpose of such challenge). The ability to keep one copy shall not constitute independent grounds for a claim of waiver of such privilege and shall terminate upon a resolution of the challenge upholding the asserted privilege.

**8.    TERMINATION OF THE ACTIONS**

8.1    Within sixty (60) days after receiving notice of the entry of an order, judgment, or decree finally disposing of any Actions pending two (2) years after the entry of this Stipulated Protective Order, including the exhaustion of all possible appeals, the Receiving Party shall either (a) make a good-faith and reasonable effort to return all Protected Material and all copies thereof (including summaries, excerpts, and derivative works) to the Designating Party; or (b) make a good-faith and reasonable effort to destroy all such Protected Material and, upon request, certify to that fact in writing to counsel for the Designating Party. Notwithstanding the foregoing, Outside Counsel for each Party shall be entitled for a period of one year following final termination of the Actions to retain one archival copy of all pleadings, correspondence, and attorney and consultant work product (but not document productions). Any such archival copies that contain or constitute Protected Material remain subject to this Order. The foregoing notwithstanding, a Receiving Party is not required to return or destroy documents, such as emails, that are subject to automatic periodic deletion pursuant to a document retention policy or otherwise, so long as the automatic periodic deletion period is not more than one (1) year.

**9.    FILING PROTECTED MATERIAL**

9.1    Without written permission from the Designating Party or an order secured after appropriate notice to the Designating Party, a Party may not file in the Actions any Protected Material in a manner that renders it publicly accessible. A Party that seeks to file any Protected Material must comply with Civil Local Rule 79-5 ("Sealed Documents"), or rules for protection of confidential information and trade secrets of the court or adjudicative body where the Party seeks to file.

**10.    DURATION**

10.1    Even after the termination of the Actions, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party withdraws such designations or a Court otherwise directs.

**11.    MODIFICATION TO THE PROTECTIVE ORDER**

11.1    Any Party or Non-Party may apply to the Court for a modification of this Protective Order, and nothing in this Protective Order shall be construed to prevent a Party or Non-Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

11.2    This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

**12.    NO WAIVER**

12.1    No action taken in accordance with this Protective Order shall be construed as a waiver of any claim or defense in the Actions or of any position as to discoverability or admissibility of evidence.

SO ORDERED this _25th_ day of _____June_____, 20_26_.

_____
District Judge P. Casey Pitts

PRESENTED BY:

**FINNEGAN, HENDERSON, FARABOW,**
  **GARRETT & DUNNER, LLP**

_/s/Lionel M. Lavenue_
Erik R. Puknys
Lionel M. Lavenue (*pro hac vice*)
Matthew C. Berntsen (*pro hac vice*)
Guanshi Li (*pro hac vice*)

*Attorneys for Applicant*
*BAYERISCHE MOTOREN WERKE AG*

**QUARLES & BRADY LLP**

_/s/ Kent T. Dallow_
Michael J. Curley (SBN 230343)
Aaron Buckley (SBN 202081)
Daniel S. Young (*pro hac vice*)
Kent T. Dallow (*pro hac vice*)

*Attorneys for Respondent*
*BROADCOM INC.*

**ATTESTATION**

Counsel for Applicant Bayerische Motoren Werke AG hereby attests by his signature below that concurrence in the filing of this document was obtained from counsel for Respondent Broadcom Inc.

Dated: June 9, 2026

FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP

By: _/s/ Lionel M. Lavenue_
Lionel M. Lavenue (*pro hac vice*)

*Attorneys for Applicant*
*BAYERISCHE MOTOREN WERKE AG*

[PROPOSED] PROTECTIVE ORDER
MISC. ACTION NO. 5:26-MC-80092-PCP

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT
TO BE BOUND BY PROTECTIVE ORDER**

I, _____, state:

    1.  I reside at _____.

    2.  My present employer is _____.

    3.  My present occupation or job description is _____.

    4.  I have read the Protective Order ("Order") dated_____, and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any CONFIDENTIAL Material in any manner not expressly allowed by the Order.

    5.  I agree to be subject to the authority and jurisdiction of the U.S. District Court for the Northern District of California in the event of any dispute related to this agreement and consent to service of process, to the extent occurring within three years of the date below, in connection with this Action or any proceedings related to enforcement of this Protective Order via the counsel for the Party with which I am associated appearing on the top of the Protective Order.

    6.  I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _____, 20__.         _____

                                           Signature

2

[PROPOSED] PROTECTIVE ORDER
MISC. ACTION NO. 5:26-MC-80092-PCP