**FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP**
Erik R. Puknys (SBN 190926)
erik.puknys@finnegan.com
Baiyu Zhu (SBN 350917)
baiyu.zhu@finnegan.com
Stanford Research Park
3300 Hillview Avenue
Palo Alto, CA 94304-1203
Telephone: (650) 849-6600
Facsimile: (650) 849-6666

Lionel M. Lavenue (*pro hac vice*)
lionel.lavenue@finnegan.com
1875 Explorer Street
Suite 800
Reston, VA 20190-6023
Telephone: (571) 203-2750
Facsimile: (571) 203-2777

Matthew C. Berntsen (*pro hac vice*)
matthew.berntsen@finnegan.com
Guanshi Li (*pro hac vice*)
guanshi.li@finnegan.com
2 Seaport Lane
6th Floor
Boston, MA 02210-2001
Telephone: (617) 646-1600
Facsimile: (617) 646-1666

Attorneys for Applicant
BAYERISCHE MOTOREN WERKE AG

**QUARLES & BRADY LLP**
Michael J. Curley (SBN 230343)
One South Church Avenue, Suite 1800
Tucson, AZ 85701
Tel: 520-770-8700
Fax: 520-623-2418
Michael.Curley@quarles.com

Aaron Buckley (SBN 202081)
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700
Aaron.Buckley@quarles.com

Daniel S. Young (*pro hac vice*)
Kent T. Dallow (*pro hac vice*)
8744 Kendrick Castillo Way, Suite 560
Highlands Ranch, CO 80129
Phone: 303-268-0066
Fax: 303-381-9887
Email: DYoung@quarles.com
Email: Kent.Dallow@quarles.com

Attorneys for Respondent
BROADCOM INC.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

**In Re *Ex Parte* Application of Bayerische Motoren Werke AG for Order to Obtain Discovery for Use in Foreign Proceedings**

Case No. 5:26-mc-80092-PCP

**~~[PROPOSED]~~ ORDER GRANTING LEAVE TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

Pursuant to this Court's oral order on July 28, 2026, *see* Dkt. 53, the Parties hereby submit the following proposed Order.

Having reviewed and considered all moving papers and exhibits, and good cause appearing,

**IT IS HEREBY ORDERED** that:

1. The *Ex Parte* Application, Dkt. 12, is **GRANTED IN PART** as follows;

2. BMW is hereby granted leave to issue a subpoena for documents in substantially the form attached as Exhibit A hereto for the reasons set forth on the record on July 28, 2026.

**IT IS SO ORDERED.**

Dated: August 1, 2026

U.S. DISTRICT COURT JUDGE

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | | |
|---|---|---|
| Bayerische Motoren Werke Aktiengesellschaft<br>*Plaintiff*<br>v.<br>N/A<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 5:26 mc 80092 PCP |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Broadcom Inc., 3421 Hillview Ave., Palo Alto, CA 94304
c/o Kent Thomas Dallow, Quarles & Brady LLP, kent.dallow@quarles.com

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| Place: | Date and Time: |
|---|---|
| Finnegan, Henderson, Farabow, Garrett & Dunner, LLP<br>3300 Hillview Avenue, 2nd Floor<br>Palo Alto, CA 94304 | 08/14/2026 9:00 am |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/31/2026

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

/s/ Lionel M. Lavenue

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Bayerische Motoren Werke Aktiengesellschaft, who issues or requests this subpoena, are:

Lionel M. Lavenue, 1875 Explorer Street, Suite 800, Reston, VA 20190, lionel.lavenue@finnegan.com, (571) 203-2750

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:26 mc 80092 PCP

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ________________
on *(date)* ________ .

❐ I served the subpoena by delivering a copy to the named person as follows: ________________
________________ on *(date)* ________ ; or

❐ I returned the subpoena unexecuted because: ________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ ________ .

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ________

________________
*Server's signature*

________________
*Printed name and title*

________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

1. "BMW" shall mean Bayerische Motoren Werke AG and its subsidiaries, affiliates, and assigns.

2. "Broadcom" shall mean Broadcom Inc. and its predecessors, subsidiaries, affiliates, and assigns, including, but not limited to, Broadcom Corp. and Avago.

3. "Avago" shall mean Avago Technologies Limited and its subsidiaries, affiliates, and assigns, including, but not limited to, Avago Technologies International Sales Pte. Ltd. and Avago Technologies General IP (Singapore) Pte. Ltd.

4. "FRAND" means fair, reasonable, and non-discriminatory, which is a licensing commitment for Standard Essential Patents (SEPs) used in technology standards.

5. "Listed Patents" shall mean any of US 10,469,408, US 10,848,438, US 11,496,412, US 11,985,073, EP 1903733, US 8,422,512, CN 200710152941.7, TW I392301, KR 10-0940927, EP 1912383, US 9,461,809, CN ZL200710152942.1, KR 10-0920186, TW I392284, EP 3726780, EP 2073448, US 9,065,673, KR 10-1008506, US 7,936,778, US 8,437,366, US 8,654,786, EP 1770912, TW 095136247, EP 2184891, EP 2184890, US 8,195,964, US 8,259,716, US 8,356,190, US 8,982,753, US 9,323,311, HK 1145106, EP 2247027, US 8,281,173, EP 3651429, EP 2636204, US 8,467,324, US 8,750,306, US 9,088,454, US 9,215,124, US 9,332,261, US 9,479,453, US 9,813,354, US 9,985,907, US 10,021,041, US 10,778,608, US 10,917,359, US 11,606,311, CN ZL201180064043.0, CN ZL201610019101.2, CN ZL201910258798.2, KR 10-1462551, HK 1186864, EP 2477364, US 9,043,509, CN ZL2012100121276, EP 2479925, US 8,935,550, CN ZL2012100168412, EP 2501078, US 8,908,701, CN ZL201210067309.3, TW I531184, EP 2568652, US 9,001,714

US 9,258,105, KR 10-1375823, HK 1178339, EP 2566100, US 8,856,570, CN ZL201210320730.0, EP 2651042, US 9,231,655, EP 2690827, EP 2863588, US 9,215,168, CN ZL201310269007.9, EP 2713276, US 8,953,436, US 9,686,126, US 9,917,725, CN ZL201310432724.9, US 9,425,856, EP 2897335, EP 3509263, CN ZL201510024312.0, US 9,819,444, US 10,447,431, US 10,554,333, US 11,025,364, US 9,680,502, DE 102015005891, CN ZL201510236198.8, EP 3166259, EP 3621247, EP 3518473, EP 4297349, US 10,313,091, CN ZL201610964672.3, CN ZL201621198244.6, EP 3910912, EP 3562124, EP 3720095, EP 2582116, US 9,065,869, CN ZL201210362542.4, DE 102015121223, US 10,003,581, CN ZL201510898492.5, EP 2018000, US 7,953,038, CN ZL200810144547.3, KR 10-0956972, TW I398121, US 8,286,174, US 9,069,600, US 10,908,967, US 8,595,331, US 8,140,624, EP 1955151, US 8,572,138, US 8,171,253, US 8,281,363, EP 2595346, US 8,893,125, EP 3240250, EP 2829031, US 9,154,416, US 9,887,916, CN ZL201380015287.9, US 9,921,885, US 10,228,983, US 9,998,371, US 10,063,469, US 10,616,104, US 11,206,213, US 11,706,134, EP 3360302, US 9,940,470, CN ZL201680067959.4, JP 6576551, EP 2386948, US 8,745,633, US 8,271,026, EP 1827038, EP 2169985, US 9,037,165, KR 10-1135391, TW I418228, US 7,949,463, US 9,311,817, US 8,169,365, US 7,468,694, DE 602009003221.6, US 7,859,454, US 8,400,354, US 9,261,600, CN ZL200910163447.X, KR 10-1071900, TW I424184, US 8,355,693, US 9,151,823, KR 10-1463550, US 7,804,869, EP 2816617, US 9,082,926, CN ZL201310664614.5, KR 10-2075172, US 8,803,476, US 8,816,638, US 8,427,100, EP 2151907, EP 3582367, US 8,111,042, US 10,483,801, KR 10-1065738, TW I424653, EP 2713473, US 9,601,930, CN ZL2013104562639, HK 1193240, DE 102015017099, DE 102015010521, US 9,590,701, CN ZL201510561438.1, US 7,640,379, US 7,877,528, EP 1691297, US 9,270,875, EP 3429189,

CN ZL201210254807.9, KR 10-1428635, TW I526068, US 9,363,827, US 7,590,059, US 9,001,896, US 7,720,294, US 8,284,844, US RE48,845, US 7,881,385, US 9,329,871, US 8,798,386, US 9,058,668, EP 1931052, US 8,923,780, CN ZL200710199101.6, KR 10-0926260, TW I375408, HK 1124449, US 7,839,819, US 7,616,955, US 7,366,250, US 7,477,633, US 7,558,328, US 8,964,522, EP 2587689, US 9,160,434, CN ZL2012104185243, DE 102013227164, US 9,155,102, CN ZL201310753113.4, EP 1931051, US 8,600,300, KR 10-0926908, TW 96146354, EP 2515466, US 8,848,639, CN ZL201210114650.X, KR 10-1492949, EP 2518929, US 8,774,124, US 8,879,472, US 9,113,490, US 9,184,969, US 9,197,473, US 9,350,505, US 9,407,485, US 9,774,378, US 9,780,846, US 9,923,742, US 10,263,678, US 10,396,957, US 10,530,430, US 10,673,591, US 11,043,989, CN ZL201210123372.4, TW I531191, EP 2775776, US 9,204,451, US 9,867,214, US 10,542,565, CN ZL201410078728.6, CN ZL201810383918.7, and their Related Applications, individually or in combination.

6. "Related Applications" shall mean any patent or application related to the Listed Patents, including foreign counterpart patents or applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:

Documents sufficient to show patent litigation settlements and patent license agreements, between Broadcom and automotive manufacturers entered into during the past 10 years, including but not limited to: Volkswagen AG, Mercedes-Benz AG, Daimler AG, Daimler Truck AG, Stellantis N.V., Tesla, Inc., Renault, or Nissan.

**REQUEST FOR PRODUCTION NO. 2**:

Documents sufficient to show patent license agreements, between Broadcom and BMW's system or component suppliers, semiconductor manufacturers, or upstream vendors whose products are incorporated into BMW vehicles or systems, specifically identified and limited to NXP and Realtek, entered into during the past 15 years.

**REQUEST FOR PRODUCTION NO. 3**:

Documents sufficient to show any patent litigation settlements and patent license agreements entered into during the past 15 years for all or part of Broadcom's IEEE 802.3bw or IEEE 802.3bp Ethernet SEP portfolio where such settlement and/or license agreement specifically licensed such Ethernet SEP portfolio or references IEEE 802.3 or any substandard thereof.

**REQUEST FOR PRODUCTION NO. 4**:

Documents sufficient to identify all patents Broadcom alleges are relevant or essential to IEEE 802.3bp and IEEE 802.3bw.

**REQUEST FOR PRODUCTION NO. 5**:

Documents sufficient to show any agreements Broadcom made with one or more OPEN Alliance members relating to IEEE 802.3bp or IEEE 802.3bw, particularly in or around 2013.

**<u>REQUEST FOR PRODUCTION NO. 6</u>**:

Documents sufficient to show patent license agreements, patent settlement agreements, or covenants not to sue encompassing patents (excluding purchase agreements or non-disclosure agreements) between Broadcom and one or more of BMW's system or component suppliers that are reasonably likely to have a connection to automotive ethernet, specifically identified by BMW on even date with this Subpoena and not to exceed 85 in number, entered into during the past 15 years and encompassing one or more patents related to automotive ethernet.

**<u>REQUEST FOR PRODUCTION NO. 7</u>**:

Documents sufficient to show patent license agreements, patent settlement agreements, or covenants not to sue encompassing patent rights (excluding purchase agreements or non-disclosure agreements) between Broadcom and one or more of the semiconductor manufacturers whose chips have been incorporated in BMW vehicles, specifically identified by BMW on even date with this Subpoena and not to exceed 18 in number, and entered into during the past 15 years to relating to one or more patents that are still in force.

**<u>REQUEST FOR PRODUCTION NO. 8</u>**:

Documents sufficient to identify all Broadcom patents it alleges are relevant or essential to IEEE 802.3bw, 802.3bp, 802.3ch; 802.3cy; 802.3cz; 802.3da; 802.3bu; 802.3cg, or BroadR-Reach.

**<u>REQUEST FOR PRODUCTION NO. 9</u>**:

Documents sufficient to show all offers Broadcom made to one or more OPEN Alliance members related to the IEEE standards in the preceding request as well as including BroadR-Reach.

**REQUEST FOR PRODUCTION NO. 10**:

Documents between Broadcom and Toyota evidencing any type of agreement or other understanding between Broadcom and Toyota addressing the reasons for the termination of patent litigation between Broadcom and Toyota, or evidencing any agreement or understanding concerning the current relationship between Broadcom and Toyota with respect to patent rights, including any such agreements or covenants not to sue.

**INSTRUCTIONS**

If any document and/or documents are withheld from production based on a claim of privilege, provide a statement of the claim of privilege and all facts relied upon in support thereof, in the form of a log that includes each document's authors, addressees, date, a description of each document, and all recipients of the original and any copies. To avoid doubt, these Requests do not seek production of privileged documents; they do request that such documents, if responsive to these Requests, are included in a privilege log pursuant to Federal Rule of Civil Procedure 45(e)(2)(A).