Christina E. Dashe (SBN 292360)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600
cdashe@sternekessler.com

*Attorney for Noticed Volkswagen Group Entities Movants*

Brandon H. Brown, P.C. (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
bhbrown@kirkland.com

*Attorney for Porsche Movant*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re *Ex Parte* Application of Bayerische Motoren Werke AG for Order to Obtain Discovery for Use in Foreign Proceedings** | Misc. Action No. 5:26-mc-80092-PCP<br><br>Hearing Date: September 24, 2026<br>Hearing Time: 10:00 AM<br>Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>**THIRD-PARTIES VOLKSWAGEN AG AND THE NOTICED VOLKSWAGEN GROUP ENTITIES', AND THIRD-PARTY PORSCHE AG'S NOTICE OF MOTION AND MOTION FOR A PROTECTIVE ORDER** |

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Third Parties Volkswagen AG and several Volkswagen Group brands (including Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., and Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda.) (collectively, the "Noticed Volkswagen Group Entities"), and Third-Party Dr. Ing. h.c. F. Porsche AG ("Porsche") (collectively with the Noticed Volkswagen Group Entities, "Movants"), non-

parties to the above-captioned matter, hereby move the Court for a protective order pursuant to Fed. R. Civ. P. 26, to prevent Respondents Broadcom, Inc. ("Broadcom") and Avago Technologies Limited, Avago Technologies International Sales Pte. Limited, and any related entities (collectively, "Avago") from producing unredacted versions of eleven highly sensitive licensing agreements with one or more of the Noticed Volkswagen Group Entities (the "Avago-VW Group Licenses"), and one highly sensitive license agreement with Porsche (the "Avago-Porsche License"), to Applicant Bayerische Motoren Werke AG ("BMW") because they contain information that is highly confidential to one or more of the Movants and should not be disclosed to their direct competitor BMW.[1] Pursuant to Civil L.R. 7-2 and Judge P. Casey Pitts' Standing Order for Civil Cases, this Motion is noticed for hearing on Thursday, September 24, 2026 at 10:00 a.m. in Courtroom 8, 4th Floor, Robert F. Peckham Courthouse, 280 South First Street, San Jose, CA 95113.

The Noticed Volkswagen Group Entities' and Porsche's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Christina E. Dashe ("Dashe Decl."), the pleadings and papers on file with the Court, and all other matters properly before this Court. The bases for shielding the Avago-VW Group Licenses and the Avago-Porsche License from disclosure are identified in the Memorandum of Points and Authorities, below. The Movants respectfully request that this Court order that nine of the Avago-VW Group Licenses—those between Avago and Audi AG,

---

[1] The Movants have not been notified, and are unaware, of any other Movant documents besides the eleven Avago-VW Group Licenses and the one Porsche License subject to production in this matter. Additionally, the Movants are making a limited appearance in this case for the sole purpose of seeking a protective order for the twelve documents contemplated to be produced in this matter. The Movants do not otherwise consent to jurisdiction in this District, and object to any assertion of jurisdiction over the Movants in this District for any other purpose. The present motion thus does not confer jurisdiction to this Court beyond resolution of the sole issue of whether any unredacted versions of the twelve license agreements subject to this motion should be produced. *See S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007) (a party who has preserved an unambiguous jurisdictional objection has not otherwise consented to jurisdiction merely by simultaneously asserting claims or defenses in the action); *Action Mfg. Co. v. Simon Wrecking Co.*, 375 F. Supp. 2d 411, 426 (E.D. Pa. 2005) (recognizing that a party did not waive its jurisdictional defenses simply by moving to quash a subpoena).

Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., and Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda.—as well as the one Avago-Porsche License, are not produced in this case in any form, as these ten licenses are duplicative and provide no additional relevant information beyond the two licenses between Avago and VW AG. Additionally, the Movants respectfully request that this Court provide the Movants thirty (30) days to prepare and produce redacted copies of any of the eleven Avago-VW Group Licenses and the one Avago-Porsche License ordered to be produced, disclosing only those terms directly pertaining to patent royalty rates, and further order that such redacted copies may only be viewed by the outside counsel of record in this matter, and may not be shared with any in-house personnel at BMW.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Statement of Issues to Be Decided and Relevant Facts

The issues to be decided by the instant motion are whether the Court should order that nine of the Avago-VW Group Licenses—those between Avago and Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., and Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda.—and the one Avago-Porsche License, are not produced in this case in any form, and whether the Court should also order that the Movants have thirty (30) days to prepare and produce redacted copies of any of the eleven Avago-VW Group Licenses and the one Avago-Porsche License ordered to be produced, disclosing only those terms directly pertaining to patent royalty rates, and further order that such redacted copies may only be reviewed by the outside counsel of record in this matter, and may not be shared with any in-house personnel for BMW.

On March 30, 2026, Applicant BMW filed the instant *Ex Parte* Application for an Order to Obtain Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782(a) from Respondent Broadcom; BMW's application sought discovery related to Broadcom's global patent portfolio owned by Broadcom's predecessor Avago, including any patent licensing agreements Broadcom or Avago had with third party automotive manufacturers. *See* Dkt. 1 at 6-7. BMW asserted these patent

licensing agreements were relevant to Broadcom's likely future German patent infringement action against BMW, which Broadcom ultimately filed on July 6, 2026 (the "German Litigation"). Dkt. 1 at 17-23; Dkt. 45 at 5; Dkt. 46 at 2. BMW has specifically asserted that these patent licensing agreements are "directly tied to" Broadcom's damages assertions in the German Litigation that the patents at-issue are standard-essential and subject to "fair, reasonable, and non-discriminatory ('FRAND')" licensing obligations. *Id*. On April 17, 2026, BMW filed an Amended/Corrected *Ex Parte* Application, including an amended/corrected subpoena to Broadcom, specifically requiring that Broadcom produce, *inter alia*, "agreements [or] licenses . . . concerning or relating to patent rights between Broadcom [or Avago] and automotive manufacturers . . . including but not limited to: Volkswagen AG[.]" *See* Dkt. 12-1 at 8.

On June 25, 2026, the Court entered the stipulated Protective Order in this case. Dkt. 38. In relevant part, the Protective Order states that material containing certain confidential information, including "proprietary financial, technical, competitive, or commercially sensitive information" may be designated as "CONFIDENTIAL" by either a party or non-party to this action prior to production, and subjected to restricted disclosure. *Id.* at 2-3, 5-6, 10. The Protective Order provides that "CONFIDENTIAL" designated materials may be shared with *both* outside counsel for the parties, *and* "[u]p to five (5) Designated House Counsel" employed by a party; there are no outside counsel-only protections in the Protective Order. *Id.* at 5-6. Additionally, with respect to a party's production of non-party confidential information in its possession, the Protective Order states that the party must notify the non-party of the specifically requested confidential information prior to production. *Id.* at 10-11. Upon notification, the non-party has ten (10) calendar days to object and seek a protective order with this Court to preclude such production. *Id.* The Protective Order further states that a non-party may seek "additional protections[]" of its confidential materials beyond those expressly set forth in the Protective Order. *Id.* at 10.

Following entry of the Protective Order, hearings were held on July 7, 2026, and July 28, 2026, and supplemental briefs were submitted by the parties relating to the proper scope of BMW's subpoena. *See* Dkt. 41, 45-47, 49, 53. On July 31, 2026, the parties filed a Proposed Order regarding

BMW's Amended *Ex Parte* Application, including an amended subpoena to Broadcom, requiring that Broadcom produce, *inter alia*, "patent litigation settlements and patent license agreements, between Broadcom and automotive manufacturers entered into during the past 10 years, including but not limited to: Volkswagen AG[.]" *See* Dkt. 57-1 at 8.

Broadcom has agreed to produce its "patent license agreements with all automobile manufacturers entered into during the past 10 years[]" to BMW. *See* Dkt. 40 at 4; Dkt. 57, 58. Thus, pursuant to the non-party production notification requirements in the Protective Order, Broadcom's predecessor Avago informed the Noticed Volkswagen Group Entities on August 4 and 5, 2026, that Broadcom was required to produce to BMW: (1) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Volkswagen AG effective November 2, 2018; (2) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Volkswagen AG effective October 25, 2023; (3) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Audi AG effective October 25, 2023; (4) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Automobili Lamborghini S.p.A. effective October 25, 2023; (5) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Škoda Auto A.S. effective October 25, 2023; (6) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and MAN Truck & Bus SE effective October 25, 2023; (7) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Bentley Motors Ltd. effective October 25, 2023; (8) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Scania CV AB effective October 25, 2023; (9) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Navistar, Inc. effective October 25, 2023; (10) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Seat S.A. effective October 25, 2023; and (11) the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Volkswagen Truck & Bus Industria e Comercio

de Veiculos Ltda. effective October 25, 2023 (collectively, the eleven "Avago-VW Group Licenses"). *See* Dashe Decl. ¶¶ 2-4. Also on August 4, 2026, Avago informed Porsche that Broadcom was required to produce to BMW the Confidential Patent License Agreement between Avago Technologies International Sales Pte. Limited and Dr. Ing. h.c. F. Porsche AG effective October 25, 2023 (the one "Avago-Porsche License"). *Id*. Avago and BMW agreed that the Noticed Volkswagen Group Entities and Porsche had until Monday, August 17, 2026 to seek a protective order precluding or restricting production of the twelve licenses. *Id*. ¶¶ 4, 10.

Upon receipt of Avago's notice, the Noticed Volkswagen Group Entities promptly reviewed the Avago-VW Group Licenses, and Porsche promptly reviewed the Avago-Porsche License, and determined that the licenses contain the Movants' proprietary financial, technical, competitive, and commercially sensitive information that should not be viewed by personnel at Volkswagen's and Porsche's direct competitor in the automotive space, BMW. *Id.* ¶¶ 5-7. The Noticed Volkswagen Group Entities and Porsche reached out to Broadcom and BMW, stating their intention to seek a protective order restricting production of the Avago-VW Group and Porsche Licenses. *Id.* ¶ 10. On August 1, 2026, the Court granted BMW's Amended *Ex Parte* Application. Dkt. 58. The Movants thus file the instant motion to apply additional protections to the agreements (as expressly contemplated by the Protective Order) by allowing the Movants to: (1) shield the ten license agreements between Avago and Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda., and Porsche from production in this case in any form; (2) apply redactions to the two agreements between Avago and Volkswagen AG; and (3) further prevent in-house personnel at BMW from viewing any of the Avago-VW Group Licenses and the Avago-Porsche License in any form (even redacted).

## II. Argument

### A. The Movants Should Not Be Compelled to Produce Nine of the Avago-VW Group Licenses and the one Porsche License Because They are Redundant

As discussed above, BMW's basis for seeking production of patent license agreements between Broadcom/Avago and "automotive manufacturers" such as Volkswagen AG, is that any

such agreements are relevant to Broadcom's FRAND-based damages allegations in the underlying German Litigation. Dkt. 1 at 17; Dkt. 12-1 at 8. However, the nine license agreements between Avago and Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda., and the one license agreement between Avago and Porsche, are duplicative and provide no additional relevant information beyond the remaining two licenses between Avago and Volkswagen AG. Dashe Decl. ¶¶ 8-9. Indeed, the terms directly pertaining to patent royalty rates (the only terms that are even arguably relevant to Broadcom's FRAND royalty damages claims) are the same across all of the Avago-VW Group Licenses, and the Avago-Porsche License—with the exception of the November 2, 2018 license agreement between Avago and Volkswagen AG. *Id*. Therefore, for the purposes of BMW's July 31, 2026 amended subpoena, the November 2, 2018 and October 25, 2023 license agreements between Avago and Volkswagen AG are representative, and their production should satisfy the Noticed Volkswagen Group Entities' obligations. *See id*. The Court should entirely preclude production of the nine license agreements between Avago and Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., and Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda., and the one license agreement between Avago and Porsche, because they are duplicative and provide no additional relevant information beyond the two licenses between Avago and Volkswagen AG.

### B. The Movants Should Be Provided 30 Days to Produce Redacted, Outside Counsel-Only Copies of Any Licenses Ordered to be Produced, That Cannot Be Shared with BMW's In-House Personnel

Any of the Avago-VW Group Licenses and the Avago-Porsche License that are ordered to be produced should only be produced pursuant to "additional protections" envisioned by the Protective Order in this case. Specifically, they should be produced in redacted form disclosing only those terms directly pertaining to patent royalty rates (the only terms that are even arguably relevant to Broadcom's FRAND royalty damages claims), and restricting access to only outside counsel of record, and *not* to BMW's in-house personnel (as would otherwise be permitted under the Protective

Order). The Avago-VW Group Licenses and the Avago-Porsche License contain the Movants' highly confidential, competitive business information and their disclosure to direct competitor BMW without these additional protections would be extremely prejudicial to the Movants.

Rule 26(b)(1)'s broad scope of discovery is expressly limited by Rule 26(c), which grants the court authority, upon a showing of good cause, to issue a protective order preventing "confidential research, development, or commercial information" from being revealed, or requiring that such information be "revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). "Good cause" can be shown when the movant demonstrates that disclosure will cause particularized harm, including where disclosure would reveal the terms of confidential license agreements containing sensitive business information to a direct competitor. *See, e.g.*, *Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) (courts may grant protective orders to protect confidential agreements); *Cabell v. Zorro Prods., Inc.*, 294 F.R.D. 604, 609-10 (W.D. Wash. 2013) (granting protective order to shield confidential license agreements from being viewed by a competitor). Precisely such particularized harm would accrue to the Movants here should Broadcom produce the Avago-VW Group Licenses and the Porsche License to BMW.

To start, the Avago-VW Group Licenses and the Avago-Porsche License subject to this Motion were created with the understanding that the specific terms of the license would be held confidential between *only* Avago and the respective Movant; indeed, the Avago-VW Group Licenses and the Avago-Porsche License expressly recognize this fact. *See* Dashe Decl. ¶¶ 5-7. In view of this understanding, the Movants permitted the licenses to contain information providing direct insight into their business strategies, bargaining positions, competitive strengths and weaknesses, intellectual property valuation, and future commercial plans, such as past and future litigation valuation and strategies, projected product sales and revenues, and business strategies pertaining to specific types of products. *Id.* And, because such terms are unrelated to any patent royalty rates, let alone FRAND royalty rates, they bear no relation to Broadcom's FRAND-based patent damages claims. The Court should thus permit the Movants a brief amount of time (i.e., 30-days) to redact their highly sensitive business information that is indisputably irrelevant to any

damages claims in Broadcom's German Litigation. *Knoll, Inc. v. Moderno, Inc.*, No. C 12-80193-MISC SI, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (permitting non-party to "redact sensitive and private information . . . which are not relevant to the underlying litigation.").

Moreover, the Movants are concerned that production of unredacted versions of the Avago-VW Group Licenses and the Avago-Porsche License may violate German data privacy protections, which require, at the very least, redactions of the names and any identifying information of German citizens. The Movants have not had the chance to consult with German compliance counsel regarding the Avago-VW Group Licenses or the Avago-Porsche License given the short period to file the instant motion for protective order. The Court should further shield the Avago-VW Group Licenses and the Avago-Porsche License from production for 30 days for the separate reason that it will allow time for the Movants to review and analyze the applicability of foreign privacy laws, and make any further necessary redactions.

Finally, for the terms of the Avago-VW Group Licenses and the Avago-Porsche License directly pertaining to patent royalty rates that would not be redacted, those terms also constitute highly sensitive competitive business information that should be entirely shielded from disclosure to direct competitor BMW and its in-house personnel. In particular, if such royalty rate terms are produced in this case—even under the Protective Order's "CONFIDENTIAL" designation—they may still be seen by up to five in-house personnel at BMW. *See* Dkt. 38 at 6. As any such patent royalty rate terms provide direct insight into the Movants' highly confidential assessment of the strength, importance, and expected economic return of the licensed patents, BMW's in-house personnel permitted access under the default terms of the Protective Order could then use this information, even if inadvertently, to gain advantage in current and future negotiations, business relationships, litigation, and other competition with the Noticed Volkswagen Group Entities and with Porsche. BMW's in-house personnel should thus be entirely precluded from viewing even redacted copies of the Avago-VW Group Licenses and the Avago-Porsche License. *See S2 Automation LLC. v. Micron Tech., Inc.*, 283 F.R.D. 671, 681-82 (D.N.M. 2012) (observing that courts are empowered to issue a protective order restricting disclosure of materials to protect a party

from being put at a competitive disadvantage); *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1469-72 (9th Cir. 1992) (affirming protective order precluding in-house personnel with competitive decision-making functions from viewing a competitor's sensitive business information due to danger of inadvertent disclosure); *Cabell*, 294 F.R.D. at 609-10 (similar); Stipulation and Order, *In re Ex Parte Application of Bayerische Motoren Werke AG and BMW Bank GMBH*, No. 3:19-mc-80272-WHO (N.D. Cal. July 23, 2020), Dkt. 63 at 2 (entering protective order and holding that "[a]ny production of the VW Agreement Between Broadcom and VW is to be designated as HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" and "once produced, [the agreement] may then only be disclosed to opposing counsel and to the courts (and their staff) in the German Action[]").

Ultimately, the Movants crafted the terms of the Avago-VW Group Licenses and the Avago-Porsche License in reliance on the security that those terms would be kept confidential and not be revealed to direct competitors like BMW. The Court should therefore enter the requested protective order for the Avago-VW Group Licenses and the Avago-Porsche License and permit the Movants 30 days to produce redacted, outside counsel-only versions of any of the licenses ordered to be produced, which are shielded from BMW's in-house personnel.

## III. Conclusion

The Court should grant the Movant's motion for a protective order and preclude production of the nine duplicative license agreements between Avago and Audi AG, Automobili Lamborghini S.p.A., Bentley Motors Ltd., International Motors, LLC (Navistar, Inc.), MAN Truck & Bus SE, Scania CV AB, Seat S.A., Škoda Auto A.S., and Volkswagen Truck & Bus Industria e Comercio de Veiculos Ltda., and the one duplicative license agreement between Avago and Porsche, permit the Movants 30 days to prepare and produce redacted versions of any of the Avago-VW Group Licenses and the Avago-Porsche License ordered to be produced, and order that these versions may only be viewed by outside counsel for the parties, and not by any in-house BMW personnel.

Dated: August 17, 2026

*/s/ Christina E. Dashe*
Christina E. Dashe (SBN 292360)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600
cdashe@sternekessler.com

*Attorney for Noticed Volkswagen Group Entities Movants*

Brandon H. Brown, P.C. (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
bhbrown@kirkland.com

*Attorney for Porsche Movant*