Brandon H. Brown, P.C. (SBN 266347)
bhbrown@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400

Russell Levine (*Pro Hac Vice*)
rlevine@kirkland.com
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for Porsche Movant*

Christina E. Dashe (SBN 292360)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600
cdashe@sternekessler.com

*Attorney for Noticed Volkswagen Group Entities Movants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **In Re Ex Parte Application of Bayerische Motoren Werke AG for Order to Obtain Discovery for Use in Foreign Proceedings** | Misc. Action No. 5:26-MC-80092-PCP<br><br>Hearing Date: September 24, 2026 Hearing Time: 10:00 AM<br>Courtroom 8, 4th Floor<br>Judge: Hon. P. Casey Pitts<br><br>**THIRD-PARTIES THE NOTICED VOLKSWAGEN GROUP ENTITIES' AND THIRD-PARTY DR. ING. H.C. F. PORSCHE AG'S REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER** |

# TABLE OF CONTENTS


**Page**

**I. INTRODUCTION ........ 1**

**II. ARGUMENT ........ 1**

A. The Ten Additional Agreements Are Cumulative Under Rule 26(b)(2)(C)(i). ........ 1

1. The Two Volkswagen AG Agreements Supply the Patent-Royalty Information BMW Seeks. ........ 1

2. Uniformity Across Licensees Can Be Established Without Producing the Agreements. ........ 2

3. BMW's Comparability Authorities Do Not Address the Scope of Discovery. ........ 3

4. BMW's Burden Arguments Misapprehend the Rules. ........ 3

B. Rule 26(c) Independently Supports Limiting Disclosure of Movants' Confidential Information. ........ 4

C. Any Production Should Be Limited to Royalty Terms and to Outside Counsel. ........ 4

**III. CONCLUSION ........ 5**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Ex Parte Application of Qualcomm Inc.*,
162 F. Supp. 3d 1029 (N.D. Cal. 2016) .......... 4

*Asetek Danmark A/S v. CMI USA Inc.*,
852 F.3d 1352 (Fed. Cir. 2017) .......... 5

*Bayer AG v. Betachem, Inc.*,
173 F.3d 188 (3d Cir. 1999) .......... 4

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014) .......... 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004) .......... 4, 6, 7

*Seattle Times Co. v. Rhinehart*,
467 U.S. 20 (1984) .......... 7

**Rules**

Fed. R. Civ. P. 5(a) .......... 9

Fed. R. Civ. P. 26 .......... 4, 5

Fed. R. Civ. P. 26(b)(2) .......... 6

Fed. R. Civ. P. 26(b)(2)(C)(i) .......... 3, 4, 6

Fed. R. Civ. P. 26(c) .......... 4, 5, 6, 7

Fed. R. Civ. P. 26(c)(1)(G) .......... 5, 6

## I. INTRODUCTION

The Volkswagen Group Entities and Porsche seek this protective order because Avago/Broadcom ("Avago") possesses confidential license agreements belonging to each of them, and BMW seeks their production. Dkt. 61 at 2-3. BMW does not oppose three of the protections the Motion sought. It agrees that if any agreements are ordered to be produced, such agreements may be treated as "CONFIDENTIAL," it also agrees not to disclose them to its five Designated House Counsel or their support staff, and it does not oppose redactions required by foreign privacy law. Dkt. 68 at 9-11. Avago, which would produce the agreements if ordered by this Court to do so, does not oppose this Motion for a Protective Order, and confirms that the materials sought by BMW "contain information that is highly confidential." Dkt. 69 at 2.

BMW's principal remaining objection concerns ten 2023 agreements—nine between Avago and Volkswagen Group affiliates, and one with Porsche—whose terms directly pertaining to patent royalty rates are the same as the terms in the October 25, 2023 Volkswagen AG agreement BMW will receive. Dashe Supp. Decl. ¶ 3. Rule 26(b)(2)(C)(i) limits discovery that is unreasonably cumulative or duplicative, and the confidentiality of these non-party contracts independently supports the same result. The Court should decline to order production of the ten cumulative agreements.

## II. ARGUMENT

### A. The Ten Additional Agreements Are Cumulative Under Rule 26(b)(2)(C)(i).

#### 1. The Two Volkswagen AG Agreements Supply the Patent-Royalty Information BMW Seeks.

BMW's own evidence identifies what the German proceeding requires. Its German-law expert explains that German courts look to "[t]he value of the Listed Patents, as evidenced by their purchase price and any royalties paid for their use," and that the minimum value-in-dispute "can be calculated based on reasonable royalties for which a major indicator here may be any royalty rates Broadcom demands from its licensees, its purchase price of the patent, and or settlement demands." Müller-Stoy Decl., Dkt. 1-5, ¶¶ 21-23. BMW will receive those rates in the two Avago-Volkswagen AG licenses, because the terms directly pertaining to patent royalty rates are the same across all of the Avago-VW

Group Licenses and the Avago-Porsche License, except for the November 2, 2018 Volkswagen AG agreement. Dkt. 61-1 ¶ 9; Dashe Supp. Decl. ¶ 3. With the production to it of the two Avago-Volkswagen AG agreements (i.e. the 2018 and 2023 agreements), BMW therefore obtains the one materially different set of royalty terms from the 2018 agreement and the terms common to every other agreement, including Porsche's, from the October 25, 2023 agreement, leaving the ten additional agreements to supply nothing but further copies of what BMW already has.

Rule 26(b)(2)(C)(i) directs the Court to limit discovery that is "unreasonably cumulative or duplicative," and that limitation governs § 1782 requests. In *Bayer AG v. Betachem, Inc.*, the court affirmed the denial of unredacted production where the withheld information was cumulative, holding that § 1782 "incorporates by reference the scope of discovery permitted by the Federal Rules of Civil Procedure" and that Rule 26 "expressly grants a district judge the authority to deny discovery when the information sought is 'unreasonably cumulative.'" 173 F.3d 188, 191-92 (3d Cir. 1999). Courts in this District have applied Rule 26 proportionality to § 1782 requests and held them unduly intrusive where they are "not narrowly tailored" and seek "confidential information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). As BMW acknowledged, requests that are "unduly intrusive or burdensome" may be "rejected or trimmed." Dkt. 12 at 12 (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265 (2004)).

### 2. Uniformity Across Licensees Can Be Established Without Producing the Agreements.

BMW submits that "multiple manufacturers are subject to the same terms is itself a relevant fact." Dkt. 68 at 11. That fact is established by declaration, Dkt. 61-1 ¶ 9; Dashe Supp. Decl. ¶ 3, and establishing it does not require disclosure of the underlying agreements. BMW may prefer ten executed contracts as documentary proof of uniformity, but Rule 26 does not require cumulative corroboration merely because an applicant prefers the underlying source documents to competent evidence establishing the same fact. *See Bayer*, 173 F.3d at 192 (affirming denial of further § 1782 discovery even though "the information already obtained may not be in the form most desired" by the applicant). Rule 26(c) permits the Court to order that confidential commercial information "be

revealed only in a specified way," Fed. R. Civ. P. 26(c)(1)(G), and the least intrusive means of establishing uniformity is not production of ten confidential non-party licenses.

3. **BMW's Comparability Authorities Do Not Address the Scope of Discovery.**

BMW relies on damages decisions holding that surrounding contractual terms can affect an effective royalty—cross-licenses, lump sums, pass-through rights, product exclusions, and minimum-purchase requirements. Dkt. 68 at 3-4 (citing *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014); *Asetek Danmark A/S v. CMI USA Inc.*, 852 F.3d 1352, 1363-64 (Fed. Cir. 2017)). Those authorities address the weight and admissibility of comparable-license evidence in adjudicating damages. They do not address the scope of discovery, nor do they involve a non-party's objection that production would be unreasonably cumulative.

BMW cites the Court's observation that "presumably what matters most in terms of evaluating the value of any particular license is what the licensee thought was covered and what rights they thought that they were getting." Dkt. 68 at 3-5 (quoting Dkt. 56 at 30:16-22). That reasoning supports disclosure of those terms directly pertaining to patent royalty rates, which Movants do not seek to redact from any agreement the Court orders produced. It does not justify disclosure of the broader categories identified in the Dashe Declaration which fall outside that inquiry and are the confidential commercial information Rule 26 protects. *See* Dkt. 61-1 ¶ 7. And because Movants have attested that the terms directly pertaining to patent royalty rates are the same, Dashe Decl. ¶ 9; Dashe Supp. Decl. ¶ 3, producing the ten additional agreements would not add royalty evidence BMW does not otherwise receive.

4. **BMW's Burden Arguments Misapprehend the Rules.**

BMW's remaining argument inverts Rule 26(c). BMW contends that "if the material is redundant, there can be no prejudice or harm in its production." Dkt. 68 at 11. But that conflates two sides of the equation. Duplication addresses BMW's need; confidentiality addresses the harm from unnecessary disclosure. That the relevant royalty terms are duplicated elsewhere does not make the

rest of Movants' agreements harmless to disclose. Compelling production would expose additional confidential information while supplying no additional royalty evidence.

BMW next argues that Movants cannot rely on duplication because Broadcom, not Movants, would produce the agreements and Movants therefore cannot show production burden. Dkt. 68 at 11. But Rule 26(b)(2)(C)(i) asks whether the requested discovery is unreasonably cumulative or duplicative; it does not require the objecting party to be the custodian or producing party. And production would impose burdens on Movants in any event. Before Broadcom could produce, Movants would need to review their agreements, prepare redactions for confidential commercial information and German data-protection issues, and address any resulting disputes. And Rule 26(c)(1)(G) authorizes protection for confidential commercial information, which these agreements contain, irrespective of burden. Dkt. 61-1 ¶¶ 5-7. *See Intel*, 542 U.S. at 266 (identifying Rule 26(b)(2) and 26(c) as "the controls on discovery available to the District Court" in a § 1782 proceeding).

**B. Rule 26(c) Independently Supports Limiting Disclosure of Movants' Confidential Information.**

Rule 26(c)(1)(G) authorizes an order protecting confidential commercial information such as that reflected in the agreements. Each was negotiated on the understanding that its terms would stay between Avago and the Movant, and each says so. Dkt. 61-1 ¶¶ 5-7. Broadcom, which would produce them, agrees they "contain information that is highly confidential." Dkt. 69 at 2. BMW competes with each Movant in the automotive market, and disclosure would reveal, Movant by Movant, the terms each accepted from a common supplier of technology used in their vehicles. These are the circumstances Rule 26(c)(1)(G) was designed to address. For the ten additional agreements, that disclosure would supply no royalty evidence BMW does not otherwise receive, and exposure of Movants' confidential terms would be its only effect.

**C. Any Production Should Be Limited to Royalty Terms and to Outside Counsel.**

Should the Court order production, it should limit that production in three respects. First, the agreements should be produced in redacted form disclosing only those terms directly pertaining to patent royalty rates, which are the terms BMW's own German-law expert identifies as indicative of

the patents' value in the German proceeding. Müller-Stoy Decl., Dkt. 1-5, ¶¶ 21-23. Second, Movants should have thirty days to prepare that production and to complete a review under German data-protection law. BMW does not oppose that review in principle; its objection is only to the time it takes, and it proposes instead four days for proposed redactions and a redaction log and six days for production. Dkt. 68 at 9-10 and [Proposed] Order. Having conceded that the review is appropriate, BMW cannot fairly seek to deny Movants the time required to perform it. Movants are non-parties appearing for this limited purpose; they must engage German compliance counsel, apply that guidance across the agreements ordered produced, and prepare a redaction log. A four-day turnaround invites errors and the disputes that follow from them, which would consume more time than the schedule Movants propose. Dkt. 68 at 9-10. Third, any version produced should be disclosed only to outside counsel of record. BMW has already agreed to withhold these agreements from its Designated House Counsel. Dkt. 68 at 11. The Court has ample authority to impose each limit. Section 1782 requests may be "rejected or trimmed," *Intel*, 542 U.S. at 265, and Rule 26(c) commits the degree of protection to the Court's discretion, *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## III. CONCLUSION

For the foregoing reasons, the Court should grant the protective order. If the Court orders production, it should limit disclosure to terms directly pertaining to patent royalty rates, allow Movants thirty days to prepare that production and complete a German data-protection review, and restrict disclosure to outside counsel of record.

DATED: September 8, 2026

Respectfully submitted,

*/s/ Russell E. Levine, P.C.*

Brandon H. Brown, P.C. (SBN 266347)
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
Telephone: (415) 439-1400
bhbrown@kirkland.com

Russell E. Levine, P.C. (*Pro Hac Vice*)
rlevine@kirkland.com
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2000

*Attorneys for Third-Party Porsche Movant*

Christina E. Dashe (SBN 292360)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1101 K Street, NW, 10th Floor
Washington, D.C. 20005
Telephone: (202) 371-2600
cdashe@sternekessler.com

*Attorney for Noticed Volkswagen Group Entities Movants*

**CERTIFICATE OF SERVICE**

On September 8, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*<u>/s/ Russell E. Levine, P.C.</u>*
Russell E. Levine, P.C.